FORM TO BE USED BY A PRISONER IN
FILING A CIVIL RIGHTS COMPLAINT

FILED

AUG 18 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO

BRIAN KEITH ALFORD
(Enter above the full name of the plaintiff in this action)

vs.

ROBERT ZILLES, ms. BARKER, CINDY BARA,
DR. DE LA CRUZ, DEREK BURKHART,
DENNIS SEGER, DR. PORTER
(Enter above the full name of the defendant(s) in this action

CIVIL CASE NO. 3:21-CV-1123

JUDGE CARR

COMPLAINT
AMENDED

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? YES ☒ NO ☐

B. If your answer to A is yes, describe the lawsuit in the space below, (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit

   Plaintiffs BRIAN KEITH ALFORD

   Defendants GARY MOHR, et Al

2. Court (if federal court, name the district; if state court, name the county)
   SOUTHERN DISTRICT OF OHIO

3. Docket Number 2:19-CV-1497

4. Name of judge to whom case was assigned

-2-

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) DISMISSED

6. Approximate date of filing lawsuit APRIL 12, 2019

7. Approximate date of disposition JULY 29, 2020

II. Place of Present Confinement TOLEDO CORRECTIONAL INSTITUTION

   A. Is there a prisoner grievance procedure in this institution? YES ☑ NO ☐

   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? YES ☑ NO ☐

   C. If your answer is YES,

      1. What steps did you take? EXHAUSTED ADMIN REMEDIES, NOTIFIED DIRECTOR GARY MOHR - LEGAL SERVICES

      2. What was the result? NO RESULT IN MY BEHALF, AFFIRMED DENIALS, NO RESPONSE FROM DIRECTOR

   D. If your answer is NO, explain why not _____

   E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? YES ☑ NO ☐

   F. If your answer is YES,

      1. What steps did you take? KITES TO ADMINISTRATION, ADMINISTRATIVE PROCEDURES EXHAUSTED

3.

(Statement of Claim Continued)

[SEE ATTATCHED]

NOTE: AT THE TIME OF THE FILING OF THIS COMPLAINT, PLAINTIFF WAS UNDER THE IMMINENT DANGER OF DEATH OR SERIOUS BODILY HARM FOR FAILURE TO TREAT FOR A LIFE-THREATENING ILLNESS [HEP-C]. THEREFORE, PLAINTIFF REQUEST TO PROCEED WITHOUT PAYING THE FULL FILING FEE [IN FORMA PAUPERIS STATUS].

In 2003, Plaintiff was diagnosed with Hep-C following testing to donate a kidney to his mother Louella Alford. Since arriving into custody of ODRC, Plaintiff has been denied treatment for this life-threatening chronic disease in spite of his blood results being abnormal and exhibiting adverse symptoms including nausea, lack of appetite, stomach pain, throat pains and aches, diarrhea, shaking, dizziness, blackouts, but not limited to.

Untreated Hep-C can lead to severe internal organ damage or failure, chronic liver disease, cirrhosis, liver cancer, and death is the most common cause of end liver disease and hepatocellular cancer, and is responsible for up to 13,000 deaths per year. While in federal custody from 2003 until 2011, Plaintiff's viral load has been as high as 3 to 6 million parts which indicates the Hep-C infection is active and possibly causing damage to internal organs (liver, kidneys), which requires immediate treatment. Plaintiff is 64 years old, and his APRI is currently 1. On February 22nd, 2018 Plaintiff submitted a health services request for issues relating to: (1) an ultra sound, blood work and treatment for Hep-C infection with Harvoni; among other things. Plaintiff was examined by a nurse and advised no recent blood work had been performed for Hep-C and that he would be scheduled to see Chief Medical Examiner of TOCI Dr. De La Cruz because of his request, and was

-4-

GIVEN COLD MEDICINES, NAPROXIN, AND SOAR THROAT MEDICINE.

ON FEBRUARY 29TH, 2016 PLAINTIFF REPORTED TO SEE DR. DE LA CRUZ AT 1:30PM BUT WAS ADVISED TO RETURN AT 2:30PM DUE TO A BACKLOG IN SCHEDULING. PLAINTIFF RETURNED AT 2:30PM AND AT 3:30PM WAS ADVISED HE WOULD BE RESCHEDULED THE FOLLOWING WEEK DUE TO MEETINGS. ON MARCH 1ST, 2016 PLAINTIFF REPORTED TO MEDICAL TO SEE DR. DE LA CRUZ AND WAS ADVISED BY DR. DE LA CRUZ: (1) HIS PLATELETS, ALT LEVELS REQUIRED FOR BIOPSY, SONOGRAM AND TREATMENT WITH HARVONI WERE ONLY 1/10TH THE REQUIRED LEVELS (IN SPITE OF NO RECENT BLOOD WORK PRESENT IN MY FILE AND, DOCUMENTATION CONFIRMING MY BLOOD WORK WAS NOT NORMAL; (2) I DID NOT HAVE DVT BECAUSE I WOULD BE DEAD RIGHT NOW AND MY LEG WOULD BE SWOLLEN (IN SPITE OF NOT EXAMINING MY LEG FOR BRUISING), AND THAT BURNING COULD BE ATTRIBUTED TO NERVE DAMAGE IN MY LEG; (3) ADVISED XRAYS WOULD BE ORDERED FOR LEFT ARM AND IF ABNORMAL, ADDITIONAL TESTING WOULD BE PERFORMED SUCH AS MRI, EMG, AND; (4) BURNING WHILE URINATING COULD BE CAUSED BY AN ENLARGED PROSTATE.

ON MARCH 5TH, 2019 PLAINTIFF WAS EXAMINED BY CNP BABB FOR CHRONIC CARE FOR HEP-C AND HYPERTENSION. WHEN EXAMINED, PLAINTIFF RAISED CONCERNS REGARDING CONTINUED

-5-

PROBLEMS WITH WEIGHT LOSS, STOMACH PAIN, SOAR THROAT, HEADACHES, NAUSEA, ACUTE EAR PAIN, PAIN ON LEFT SIDE OF JAW, CRAMPING, DIZZINESS, AND FEELING FAINT. CNP BABB'S RESPONSE WAS "IF A SERIOUS NEED ARISES, WOULD YOU LIKE RESUSSITATION"? PLAINTIFF'S SHOCKED REPLY WAS "ABSOLUTELY"! IT IS OBVIOUS FROM THE ACTIONS OF DEFENDANTS DE LA CRUZ AND BABB THAT THE INTENT OF THESE DEFENDANTS IS THE DEMISE OF PLAINTIFF (i.e. DEATH).

SINCE 2017 PLAINTIFF HAS BEEN DENIED PROPERLY FITTED MEDICALLY APPROVED FOOTWEAR FOR CIRCULATORY PROBLEMS WITH HIS FEET, BALANCE PROBLEMS, SCOLIOSIS AND DEGENERATIVE SPINE DISORDER. ROBERT ZILLES IS THE HEALTH CARE ADMINISTRATOR AT TOCI AND MS. BARKER IS THE ASSISTANT HEALTH CARE ADMINISTRATOR. BOTH DEFENDANTS HAVE WORKED IN UNISON TO DENY MEDICALLY APPROVED FOOTWEAR AUTHORIZED BY TOCI FOOT DOCTOR, FEDERAL BUREAU OF PRISONS. IT WAS NOT UNTIL MARCH 31ST, 2021 THAT PLAINTIFF WAS GIVEN VERIFICATION TO PURCHASE MEDICALLY APPROVED BOOTS (SIZE 12 3-E) AT HIS EXPENSE. AS A RESULT OF BEING DENIED MEDICALLY

-6-

TOCI-0520001215 6-15-20 Attachment #1 8-20-20 #1 attached hereto]. Photos, and medical documentation were provided to Ms. Abbott with my initial request in 6-15-20 and 7-30-20 (see Attachment #2 attached hereto). After a third evaluation by medical staff on 3-19-21, 3-25-21, and twice on 3-31-21 approval to purchase was finally granted (see passes, and TOCI 032100112 3-10-21 Attachment #3 att---

approved boots and being issued footwear that is too narrow (12 2-E) in early 2018, plaintiff has suffered numbness in his toes, feet, and lower legs, which was diagnosed as neuropathy by Dr. Porter. Plaintiff had been approved for issuance of medically approved size 12 3E boots in early 2018 by the then orthopedic doctor. However, when plaintiff went to medical to pick the boots up, he learned they were actually size 12 4E - one width size too wide. This error was brought to the attention of AHCA Barker, who confirmed in writing that the proper size 12 3E boot would be ordered, and because it is not a common size the boots would be made to order. However, when plaintiff went to medical to pick the boots ups, he learned they were actually a size 12 2E - one width size too narrow. When plaintiff brought this error to the attention of AHCA Barker, he was told, "whatever size they are supposed to be, that" what they are. The company informed us their boots run smaller. However, before

-7-

LEAVING MEDICAL PLAINTIFF EXPLAINED TO STAFF THE BOOTS WERE TO NARROW. ON MARCH 29, 2018 PLAINTIFF WAS INTERVIEWED BY FORMER HCA KROGGEL, HCA BARKER, FORMER UNIT MANAGER HERNANDEZ AND CURRENT HCA ZILLES REGARDING THE FAILURE TO ISSUE PROPERLY FITTED BOOTS. PLAINTIFF WAS ADVISED HE WOULD BE STRUCK WITH THE WRONG SIZE BOOTS ONCE HE SIGNED FOR THEM. ON APRIL 6, 2018 THEN INSPECTOR OF TOCI DEREK BURKHARDT ATTEMPTED TO JUSTIFY THE ISSUANCE OF THE WRONG SIZE BOOTS AND ALLEGED THE PROPER SIZE 12 3E BOOTS WERE INITIALLY ISSUED AND ORDERED BUT THAT PLAINTIFF ALLEGED THEY WERE TOO BIG SO THEY WERE RETURNED FOR A SMALLER SIZE 12 2E AND THAT PLAINTIFF AGREED THEY FIT WELL. THE ADMINISTRATIVE REMEDIES AND KITES ATTACHED CLEARLY DISPROVE THIS ERRONEOUS ALLEGATION. HCA ZILLES RECENTLY ATTEMPTED TO OVERRIDE DR. PORTER'S MEDICAL APPROVAL FOR SIZE 12 3E BOOTS WHEN CNP BABB ATTEMPTED TO CONCLUDE FACTS TO DENY ISSUANCE OF PROPERLY FITTED MEDICALLY APPROVED FOOTWEAR. (SEE ATTACHMENTS)

-8-

On 3-9-21 Unit Manager Abbott denied approval to purchase medically approved boots, tennis shoes, and shower shoes and advised that boots must be approved through medical (TOCI0321000974 3-9-21; TOCI0620001218 6-15-20; TOCI0720002604 7-30-20 #1 attached hereto). Photos, and medical documentation were provided to Ms. Abbott with my initial request in 6-15-20 and 7-30-20 (see Attachment #2 attached hereto). After a third evaluation by medical staff on 3-19-21, 3-25-21, and twice on 3-31-21 approval to purchase was finally granted (see passes, and TOCI0321001122 3-10-21, Attachment #3 attached). This was after attempting purchase since 2017 thru two prior wardens and numerous staff (see Kite 2-22-18 Warden Coleman, Kite 2-27-18 Unit Manager Hernandez, Health Service Request 6-24-18, ADA Response 12-10-18, ADA Request 10-16-18, TOCZ1218000168 12-10-18, Kites ADA Coordinator 10-15-18 and 11-19-18, Kite Health Services 3-10-18, TOCZ0318000369 3-22-18, Kite 12-27-17 Ms. Barker, Kite 2-1-18 Ms. Barker, Kite 11-4-17 Special Duty Captain, Kite 12-18-18 Inspector Burkhart Attachment #4 Attached). After receiving a statement prior

(9)

to approval by medical department for purchase of boots, A cash slip for postage to return the moc toe Florsheim was processed on 4-13-21 and mailroom was notified boots were on backorder and would arrive next (see TOCI042100537 4-6-21, TOCI042100134W 4-14-21, Cash slip 4-12-21, Receipt 3-29-21 ATTACHMENT #5 ATTACHED). However, on 5-29-21 Cash Slip for $414.83; and boot approval was submitted to Unit Manager Abbott, was processed on 6-9-21 Yet, on 6-21-21 Boots were denied initially on Ms. Abbott's request, Then purportedly per DWO Walters, and then subsequently because Dennis Seger - Medical alleged I was not authorized to purchase Boots (see TOCI062100216Z 6-24-21 Mailroom, TOCI062100190J 6-22-21 Ms. Abbott, TOCI06210018B4 6-22-21 Mailroom) (see also TOCI062100222L 6-25-21 Mailroom). Rather than permit destruction of Boots, I am forced to return them at my expense and continue to suffer as a result of Dennis Seger's continued violation of my Eighth Amendment Rights under the United States Constitution (see Attachment #5 Letter 6-23-21

(10)

MAILROOM SUPERVISOR, (CONTRABAND SLIP 6-21-21 ATTACHED) ON 7-1-21 PLAINTIFF SUBMITTED A SECOND INMATE REASONABLE ACCOMMODATION TO RECEIVE THE MEDICALLY APPROVED 12 3E BOOTS BEING HELD BY MAILROOM, AND WAS LATER INTERVIEWED BY TROY D. REED, ADA COORDINATOR AT TOCI. TROY REED ADVISED THAT EVERYONE WAS DENYING APPROVAL HAD BEEN GIVEN, AND I ADVISED THAT DR. PORTER EXAMINED ME AGAIN ON 7-19-21 TO VERIFY MY NEED FOR THE BOOTS, AND THAT DR. PORTER ADVISED THAT HE WAS MEETING WITH DENNIS SEGER. TROY REED ADVISED THAT REGARDLESS OF TROY REED'S RECOMMENDATION, THE WARDEN COULD STILL APPROVE MY REQUEST. ON 7-25-21 I ADVISED TROY REED THIS WAS NOT TRUE, BASED UPON THE AMERICANS WITH DISABILITIES DISCLAIMER IN THE TOCI HANDBOOK PAGE 7, 8. ON 8-2-21 TROY REED HAND DELIVERED THE WARDEN'S DENIAL OF MY REQUEST, BASED UPON ERRONEOUS INFORMATION ADDED TO MY FILE RECENTLY, AND DR. PORTER'S RECANTING OF APPROVAL FOR 12 3E BOOTS. THIS IS A CLEAR SUBVERSIVE ACT COMMITTED BY DR. PORTER, DR. BABO, AND DENNIS SEGER TO VIOLATE MY EIGHTH AMENDMENT RIGHTS UNDER U.S. CONSTITUTION.

(11)

PRISON OFFICIALS MAY NOT ACT WITH DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS. THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION CLEARLY PROHIBITS THESE VIOLATIONS BY INDIVIDUALS EXERCISING POWER POSSESSED BY VIRTUE OF STATE LAW MADE POSSIBLE ONLY BECAUSE THE WRONGDOER IS CLOTHED WITH AUTHORITY OF STATE LAW UNITED STATES V. CLASSIC, 313 U.S. 299, 326; 61 S. CT. 1031, 85 LED 2d 1368 (1941); R.C. § 2921.45 (A).

WHEN PRISON OFFICIALS COMMIT AFFIRMATIVE ACTS, PARTICIPATE IN ANOTHER'S AFFIRMATIVE ACTS, OR OMITTED TO PERFORM AN ACT WHICH THEY ARE REQUIRED TO DO THAT CAUSES A DEPRIVATION OF RIGHTS, UNDER 42 U.S.C. 1983 THEY ARE LIABLE. IN ADDITION, IMMUNITY IS UNAVAILABLE. DENYING A REASONABLE REQUEST FOR MEDICAL CONDITIONS THAT ARE "LIFE-THREATENING" FALL WITHIN THIS REQUIREMENT.

## CONCLUSION

FOR THE FOREGOING REASONS, PERMISSION TO SUPPLEMENT DENNIS SEGER IS REQUESTED, AS WELL AS DR. PORTER.

-12-

## V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes).

(1) A DECLARATION THAT THE ACTS AND/OR OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER OHIO AND UNITED STATES CONSTITUTIONS

(2) A PRELIMINARY INJUNCTION

(3) NOMINAL DAMAGES AUTHORIZED BY LAW AND JURY DETERMINATION

(4) PUNITIVE DAMAGES IN EXCESS OF $1,000,000.00 AGAINST EACH DEFENDANT TO BE DETERMINED BY JURY

(5) A TRIAL ON ALL ISSUES TRIABLE BY JURY

(6) APPOINTMENT OF COUNSEL

(7) ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE

Signed this 6TH day of AUGUST, 2021.

I declare under penalty of perjury that the foregoing is true and correct.

8-7-21
(Date)

Ben K.____ A196-744
(Signature of Plaintiff)