**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Brian Keith Alford,                            Case No. 3:21-cv-1123-JGC

         Plaintiff,
   v.                                          **ORDER**

Robert Zilles, *et al.*,

         Defendants.

      Plaintiff Brian Keith Alford has filed a motion to proceed in this *pro se* civil rights action *in forma pauperis* (Doc. 8). He has been barred from proceeding *in forma pauperis* in federal court under 28 U.S.C. § 1915(g) due to numerous prior frivolous lawsuits he has filed while incarcerated. *See Alford v. Chambers-Smith, et al.*, No. 2:20-cv-3879, 2020 WL 8512860, at *2 (S.D. Ohio Aug. 25, 2020) ("this Court has previously determined that Plaintiff has accumulated three strikes as contemplated in § 1915(g) due to the numerous frivolous lawsuits and appeals he has filed in various federal courts") (Report and Recommendation adopted, 2021 WL 164259 (S.D. Ohio Jan. 19, 2021)).

      In this case, plaintiff alleges deliberate indifference to his medical needs relating to hepatitis-C infection and prison officials' alleged refusal to provide him medically-approved boots and asserts he seeks to proceed *in forma pauperis* on the basis he is "under imminent danger of death or serious bodily harm for [defendants'] failure to treat for a life-threatening illness [hep-C]." (Doc. 11 at 3.)

      In light of the Sixth Circuit's holding in *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 582–83 (6th Cir. 2013) "that alleging a danger of serious physical injury as a result of being

presently denied adequate medical treatment for [hepatitis-C] satisfies the imminent-danger exception," I will grant plaintiff's motion to proceed *in forma pauperis*.

Accordingly, plaintiff's motion to proceed *in forma pauperis* (Doc. No. 8) is granted. Pursuant to 28 U.S.C. § 1915(b), the total filing fee in the amount of $350 is now due and is to be paid as follows. An initial partial fee in the amount of $2.51 is currently due and should be deducted from plaintiff's prisoner account, when funds are available therein, until the initial partial fee is paid. Thereafter, the prison cashier's office shall deduct, and forward to the Court, 20% of each month's income credited to the plaintiff's prisoner account each time the amount in the account exceeds $10.00 until the full $350 fee has been paid.[1] The Clerk is directed to issue a copy of this order and the attached instructions, which are hereby incorporated herein, to the plaintiff and the prison cashier's office. The Clerk is further directed to forward a copy of this order to the Court's financial office.

So ordered.

                                              s/James G. Carr
                                              Sr. U.S. District Judge

---

[1] The prison cashier's office shall not send payments aggregating more than the amount of the full fee.