**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Brian Keith Alford,                                         Case No. 3: 21-cv-1123-JGC

        Plaintiff,

   v.                                                     **ORDER**

Robert Zilles, *et al.*,

        Defendants.

**Background**

*Pro se* plaintiff Brian Keith Alford, a prisoner incarcerated in the Toledo Correctional

Institution (TCI), filed this civil rights action against TCI medical staff and prison officials in the

Southern District of Ohio.  After the action was transferred here, he filed an amended complaint

(Doc. 11, hereinafter "complaint"), which is now his operative pleading.[1]  Plaintiff sues multiple

defendants, including Robert Zilles, Ms. Barker, Candy Babb, Dr. De la Cruz, Derek Burkhart,

Dennis Seger, and Dr. Porter.

Plaintiff alleges deliberate indifference to his medical needs in violation of the Eighth

Amendment on the basis of the alleged refusal of prison medical staff and officials to provide

him treatment he desires for hepatitis-C and to allow him to purchase boots for circulation and

other problems with his feet.  He seeks declaratory, injunctive, and monetary relief.

As to hepatitis-C, plaintiff alleges he has suffered from the condition for decades and that

in 2018, he requested an ultra sound and other treatment at TCI, including treatment with

---

[1]In that plaintiff refers in his complaint to attachments he submitted with his original complaint
(Doc 1-1), they will be considered as part of his operative pleading.

Harvoni.  (Doc. 11 at 4.)  He alleges he was examined by a nurse but advised that no recent

blood work had been performed and that he would be scheduled to see Chief Medical Examiner

Dr. De la Cruz.  He alleges he was seen by Dr. De la Cruz on March 1, 2018, but complains

about Dr. De la Cruz's diagnosis.  (*Id*. at 5.)  Specifically, he complains he was advised by Dr.

De la Cruz that:  (1) his "platelet, alt levels" did not qualify him for the treatment and medication

he desired, (2) he did not have DVT and that the burning he was experiencing could be attributed

to nerve damage in his leg, (3) X-rays would be ordered for his left arm and, if abnormal,

additional testing would be performed, and (4) burning he experienced while urinating could be

associated with an enlarged prostate.  (*Id*.)

Plaintiff alleges he was examined by Nurse Babb for hepatitis-C and hypertension in

March 2019.  (*Id*. at 6.)  He complains she dismissed his concerns of weight loss, stomach pain,

sore throat, cramping, dizziness, and feeling faint and asked him, "if a serious need arises, would

[he] like resuscitation?"  (*Id*.)

Plaintiff contends "it is obvious from [these] actions of Defendants De la Cruz and Babb

that the intent of these defendants is the demise of plaintiff (*i.e.,* death)."  (*Id.*)

The remainder of plaintiff's complaint is rambling and unclear (Doc 11 at 6-12), but

relates to his allegation that he has been denied boots he desires for circulation and other

problems with his feet.  He alleges he was approved for medically-approved footwear in 2018,

and that boots initially ordered for him were too wide.  Disputes then apparently arose between

plaintiff and prison administrators and officials as to whether plaintiff had accepted the boots and

whether he could still order them in accordance with prison policy.  In 2018, plaintiff was

informed that boots of the type he sought could no longer be ordered for inmates due to security

-2-

issues unless specifically ordered by medical.  (*See* Doc. 1-1 at 7.)  Plaintiff was instructed to

work with medical to find appropriate alternative footwear.  It appears, however, that plaintiff

persisted in demanding that boots be approved for him through the prison grievance process (*see*

Doc 1-1 at 9-14), and now contends his Eighth Amendment rights have been violated because

prison medical staff and officials have now refused to allow him to order boots.

### Standard of Review and Discussion

By separate order, I have granted plaintiff's motion to proceed *in forma pauperis*.

Therefore, his complaint is now before me for initial screening under 28 U.S.C. § 1915(e), which

requires federal district courts to screen all *in forma pauperis* complaints, and to dismiss before

service any such complaint that the court determines is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468 (6th Cir.

2010).

To survive a dismissal for failure to state claim, the "complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Hill*, 630

F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662

(2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for deciding motions to dismiss

under Fed. R. Civ. P. 12(b)(6) applies in determining whether a complaint states a claim under §

1915(e)(2)(B)).

The government has an "obligation to provide medical care for those whom it is

punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  "But mere failure to

provide adequate medical care to a prisoner will not violate the Eighth Amendment.  In those

circumstances, a constitutional violation arises only when the doctor exhibits 'deliberate indifference to a prisoner's serious illness or injury.'" *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018), quoting *Estelle*, 429 U.S. at 105. To establish state an Eighth Amendment deliberate indifference claim, a plaintiff must demonstrate both objective and subjective components. He must demonstrate that his medical condition posed a "substantial risk of serious harm" to him, and, that the prison official in question acted with deliberate indifference to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 825 (1994). "Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). "[T]o prove the required level of culpability, a plaintiff must show that the official in question: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).

Plaintiff's complaint fails to state a plausible Eighth Amendment claim that Dr. De la Cruz and Nurse Babb failed to provide him adequate treatment for hepatitis-C because his allegations do not permit a plausible inference that either Dr. De la Cruz and Nurse Babb possessed the subjective state of mind necessary to state a claim. According to plaintiff's allegations, he was seen and evaluated by Dr. De la Cruz and Nurse Babb in 2018 and 2019 with respect to his contention that he suffered from hepatitis-C, but neither of the defendants found the symptoms he reported associated with the condition, or that he needed the medical treatment he sought for it. Although plaintiff disagrees with the diagnosis and treatment he was provided by Dr. De la Cruz and Nurse Babb, this alone does not permit a plausible inference that either of

those defendants actually, subjectively perceived a serious risk of harm to him – from hepatitis-C

or otherwise – that they consciously disregarded.

Further, even if Dr. De la Cruz and Nurse Babb were wrong or negligent in their

assessment of plaintiff's condition, deliberate indifference requires more than negligence or

medical malpractice.  *Estelle*, 429 U.S. at 105-06.   Allegations of medical malpractice or

negligent diagnosis and treatment or of differences in judgment between an inmate and prison

medical personnel regarding proper diagnosis and treatment – which what plaintiff's allegations

as to Dr. De la Cruz and Nurse Babb at the most reasonably suggest here –  are insufficient to

state a constitutional deliberate indifference claim. *Thomas v. Coble*, 55 Fed. Appx. 748, 749 (6th

Cir. 2003) ("difference of opinion does not support an Eighth Amendment claim").

Plaintiff's complaint also fails to allege a plausible Eighth Amendment claim with

respect to his allegations that prison officials have refused to allow him to order boots for

circulation and other problems with his feet.  Even assuming plaintiff has alleged a sufficiently

serious medical need in this regard, the right to be free from cruel and unusual punishment does

not include the right to the treatment of one's choosing, and prison officials do not violate an

inmate's rights under the Eighth Amendment by refusing to approve the specific footwear an

inmate seeks.  *See e.g., Silva v. Clarke*, 603 F. Supp.2d 248, 249 (D. Mass. 2009) (dismissing an

inmate's Eighth Amendment claim arising from the refusal to allow him to order sneakers from

an outside catalog to address his foot issue even though he was previously permitted to do so).

Plaintiff's pleadings on their face indicate that prison officials have informed him that

boots will not approved for him and that he should work with medical to find a suitable

alternative.  That he continues to seek approval for boots rather than some other suitable

alternative – as appears from his pleadings – is insufficient to state a plausible constitutional deliberate indifference claim.

## Conclusion

For the foregoing reasons, it is therefore ORDERED that plaintiff's complaint (Doc. 11) is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

s/James G. Carr
Sr. U.S. District Judge