No. 22-3416

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Jan 3, 2023
DEBORAH S. HUNT, Clerk
```

| | | |
|---|---|---|
| BRIAN KEITH ALFORD, | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ROBERT ZILLES, et al., | ) | |
| | ) | |
|     Defendants-Appellees. | ) | |

Before: SUHRHEINRICH, Circuit Judge.

Brian Keith Alford, a pro se Ohio prisoner, appeals a district court's judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. He moves to proceed in forma pauperis ("IFP") on appeal. *See* Fed. R. App. P. 24(a)(5).

In 2021, Alford filed a complaint, later amended, against prison officials and medical personnel (Health Care Administrator ("HCA") Robert Zilles, Assistant HCA Barker, CNP Candy Babb, Chief Medical Examiner Dr. De La Cruz, former inspector Derek Burkhart, Dennis Seger, and Dr. Porter) for violations of the Eighth Amendment. In his first claim, Alford alleged that he was denied treatment for hepatitis C in 2018 when Dr. De La Cruz denied as medically unnecessary his request for an ultrasound, bloodwork, and treatment with Harvoni (a medication). And when Alford complained of various symptoms at a chronic care visit for hepatitis C in 2019, CNP Babb allegedly responded by asking him whether he wanted to be resuscitated if a serious need arose. Alford opined that the doctor and nurse wanted his demise.

In his second claim, Alford alleged that from 2017 to 2021 he had been denied properly fitting footwear that he needed because of his issues with circulation, neuropathy, balance, scoliosis, and degenerative spine disorder. He received boots in 2018, but the first pair was too wide and the second pair was too narrow. He was advised "to work with medical to address the

size issue" and told that prisoners were barred from obtaining new boots "unless specifically ordered by medical after being advised of the security concerns." In March 2021, medical staff allegedly granted approval for Alford to order new boots. However, when the boots arrived in June, Seger stated that Alford had not received approval, and he was told to choose between returning the boots or having them destroyed. Alford then submitted a new request for approval of the boots. Dr. Porter allegedly reverified Alford's need but thereafter withdrew approval, and Americans with Disabilities Act Coordinator Troy Reed allegedly delivered a denial of Alford's request to the warden on August 2, 2021.

The district court dismissed Alford's complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). The court certified that an appeal would not be taken in good faith.

Under Federal Rule of Appellate Procedure 24(a)(5), an appellant may seek leave to proceed IFP in this court. *See Owens v. Keeling*, 461 F.3d 763, 774-75 (6th Cir. 2006). This court may grant the IFP motion if it determines that an appeal would be taken in good faith and that the appellant is indigent. *Id.* at 776. An appeal is not in good faith if it is frivolous—i.e., it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing sua sponte dismissals of frivolous prisoner complaints brought IFP); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962) (discussing good faith in direct criminal appeals). However, an IFP motion should be granted where the claims on appeal deserve "further argument or consideration." *Coppedge*, 369 U.S. at 454.

Upon consideration, the court concludes that Alford's claims deserve further consideration. The court **GRANTS** the IFP motion and directs the Clerk's Office to issue a briefing schedule.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk