## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| BRIAN KIETH ALFORD, | Case No. 3:21-cv-01123 |
| Plaintiff, | |
| v. | Judge James G. Carr |
| ROBERT ZILLES, *et al.*, | Magistrate Judge Darrell A. Clay |
| Defendants. | |

### ANSWER OF DEFENDANT, ROBERT ZILLES, INSTANTER[1]

Now comes the Defendant, Robert Zilles, by and through counsel, and for his answer to Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 11) herein states as follows:

The Sixth Circuit Court of Appeals has narrowed down Plaintiff's remaining claim as follows: "Alford has stated a claim regarding the denial of properly fitted footwear needed due to circulation, neuropathy, balance, scoliosis, and degenerative spine disorder. Neuropathy may constitute a serious medical need, and Alford has sufficiently alleged a denial of medical care" (*Alford v. Zilles*, 2023 U.S. App. LEXIS 12637, *6).

Defendant denies each and every material allegation of Plaintiff's Complaint and Amended Complaint.

### FIRST DEFENSE

1. Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 11), fail to state a claim upon which relief can be granted.

---

[1] Mr. Zilles is no longer employed at ToCI. He was served while this matter was stayed. On November 20, 2024, Attorney Sobecki graciously consented to the filing this Mr. Zilles' Answer, Instanter.

## SECOND DEFENSE

2. Plaintiff has failed to exhaust all administrative remedies.

## THIRD DEFENSE

3. The conduct of Plaintiff, in whole or in part, bars Plaintiff's claims for relief.

## FOURTH DEFENSE

4. Plaintiff's claims may be barred by expired statutes of limitations.

## FIFTH DEFENSE

5. Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 11) are barred, in whole or in part, by the doctrine of consent.

## SIXTH DEFENSE

6. Plaintiff's claims are barred because Plaintiff assumed the risk of the injuries that are alleged to exist.

## SEVENTH DEFENSE

7. Plaintiff is barred from relief due to the extent and degree of Plaintiff's negligence.

## EIGHTH DEFENSE

8. Plaintiff's claims may be barred, in whole or in part, by a failure to mitigate damages.

## NINTH DEFENSE

9. Plaintiff's claims may be barred by Plaintiff's failure to join any party or parties under Rule 19 and/or 19.1.

## TENTH DEFENSE

10. Plaintiff's claims are barred, in whole or in part, by a lack of standing to seek the relief for which they pray.

**ELEVENTH DEFENSE**

11. Plaintiff claims are barred, in whole or in part, by a lack of capacity to see the relief for which they pray and/or because this matter as brought is non-justiciable.

**TWELFTH DEFENSE**

12. The answering Defendant is entitled to immunity, including statutory, absolute, and qualified immunity, and also immunity from punitive damages.

**THIRTEENTH DEFENSE**

13. Plaintiff's claims against the answering Defendant is expressly subject to, barred, or limited by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

**FOURTEENTH DEFENSE**

14. Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 11) fail to state facts sufficient to entitle Plaintiff to an award of punitive damages against the answering Defendant.

**FIFTEENTH DEFENSE**

15. Plaintiff's claims for punitive damages cannot be sustained because the conduct of the answering Defendant does not show complete indifference to or conscious disregard for the safety of others.

**SIXTEENTH DEFENSE**

16. Plaintiff's claims for punitive damages are expressly barred by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

**SEVENTEENTH DEFENSE**

17. To the extent Plaintiff seek punitive damages or exemplary damages against the answering Defendant, an award of those types is contrary to the United States and Ohio Constitutions, as well as federal and state statutes, and is therefore not available to Plaintiff.

**EIGHTEENTH DEFENSE**

18. The answering Defendant is entitled to a setoff of damages and/or limitation of damages pursuant to federal and state statutes.

**NINETEENTH DEFENSE**

19. Plaintiff is barred from relief because the answering Defendant acted in good faith.

**TWENTIETH DEFENSE**

20. Plaintiff is barred from relief because the answering Defendant acted lawfully at all times.

**TWENTY-FIRST DEFENSE**

21. Plaintiff's claims against the answering Defendant may be expressly subject to, barred, or limited by the provisions of the Prison Litigation Reform Act, 42 U.S.C. §1997e.

**TWENTY-SECOND DEFENSE**

22. Plaintiff's claims may be impacted by the Prison Litigation Reform Act, including any authorization of attorney's fees.

**TWENTY-THIRD DEFENSE**

23. Plaintiff's claims are barred against the answering Defendant because the answering Defendant did not proximately cause any injury to Plaintiff.

**TWENTY-FOURTH DEFENSE**

24. To the extent Plaintiff seeks injunctive relief, Plaintiff failed to properly move.

**TWENTY-FIFTH DEFENSE**

25. Plaintiff's claims are barred, in whole or in part, because they are brought against an entity not subject to suit.

**TWENTY-SIXTH DEFENSE**

26. Plaintiff's claims are barred, in whole or in part, because Plaintiff does not satisfy the requirements of Fed. R. Civ. P. 23 nor S.D. Ohio Civ. R. 23.2.

## TWENTY-SEVENTH DEFENSE

27. The answering Defendant hereby gives notice that he intends to rely upon and utilize any other affirmative defenses that might become available or apparent during the course of discovery and hereby reserve the right to amend this Answer to assert such defense or defenses.

WHEREFORE, Defendant, Robert Zilles, demands that Plaintiff's claims against this Defendant be dismissed in their entirety and with prejudice.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*s/Marcy A. Vonderwell*
**MARCY A. VONDERWELL (0078311)**
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
P: (6l4) 728-7056/F: (866) 401-2830
Marcy.Vonderwell@OhioAGO.gov

*Counsel for Defendant*

## JURY DEMAND

The answering Defendant hereby demands a trial by jury on all issues herein triable.

*s/Marcy A. Vonderwell*
**MARCY A. VONDERWELL (0078311)**
Senior Assistant Attorney General

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Answer of Defendant, Robert Zilles, Instanter* has been electronically filed this 22nd day of November, 2024, and has been served upon Counsel for Plaintiff, Attorney Joseph Sobecki, via the Court's Pacer System.

*s/ Marcy A. Vonderwell*
**MARCY A. VONDERWELL (078311)**
Senior Assistant Attorney General