IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Brian Keith Alford,** | ) |
| Plaintiff, | ) Case Number: 3:21-cv-1123 <br> ) |
| vs. | ) Judge: James G. Carr <br> ) |
| **Robert Zilles,** *et al.*, | ) <br> ) |
| Defendants. | ) |

## MOTION TO WITHDRAW AS COUNSEL

Counsel for plaintiff Brian Keith Alford ("Alford") files this Motion to Withdraw as Counsel, respectfully requesting that this Court permit counsel to withdraw as Alford's counsel. In support of the instant Motion, counsel states as follows:

On December 6, 2024, counsel became aware that Alford filed a verified amended complaint in case number 2:24-cv-4184 captioned *Brian Kieth Alford v. Annette Chambers Smith, et al.*, in the United States District Court for the Eastern District of Ohio, naming counsel as a defendant. Alford asserts that counsel failed to obtain Alford's medical files and informed Plaintiff that his case was going to be dismissed. *Id.* at 10.

"[W]ithdrawal is presumptively appropriate where the [Model Rules of Professional Conduct and the Local Rules] requirements are satisfied." *Brandon v. Blech*, 560 F.3d 536, 538

1

(6th Cir. 2009). Counsel may withdraw in this Court after (1) providing written notice to the client and all other parties in a case, and (2) obtaining leave of court. LR 83.9.

Counsel must withdraw from representation if "the representation will result in violation of the Rules of Professional Conduct or other law." ABA-AMRPC Rule 1.16(a). In order to respond to Alford's allegations, counsel may need to cite to discovery orders, expert reports, and the availability of retained experts to review medical records. "A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent…" ABA-AMRPC Rule 1.8(b). Alford has not provided counsel with informed consent. Counsel asserts that it would be inappropriate to request informed consent from Alford to use information relating to the representation in the instant case to Alford's disadvantage in another case. As a result, Counsel must reluctantly seek to withdraw from the instant case.

Pursuant to LR 83.9, counsel has provided written notification to Alford and all other parties of counsel's intent to withdraw, and this court has granted counsel leave to withdraw.

## CONCLUSION

This Court should grant the instant Motion and permit counsel to withdraw because the requirements of LR 83.9 have been satisfied and counsel must seek mandatory withdrawal in the instant case.

Dated: December 27, 2024

2

Respectfully submitted,

*Joseph Sobecki*

**Joseph Sobecki**
405 Madison Avenue, Suite 910
Toledo, Ohio 43604
Direct: (419) 283-9282
Office: (419) 242-9908
Facsimile: (419) 242-9937
Email: joseph@josephsobecki.com
*Attorney for Plaintiff, Brian Keith Alford*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Electronic Filing (CM/ECF) on December 27, 2024, on all counsel or parties of record on the service list below.

*Joseph Sobecki*

Joseph Sobecki

## SERVICE LIST

**Anita Barker, Candy Babb, Derek Burkhart, DeLa Cruz, Dennis Seger, Robert Zilles**
c/o Assistant Ohio Attorney General Marcy Ann Vonderwell
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7233
Facsimile: (866) 521-9902
Email: marcy.vonderwell@ohioago.gov

**Anita Barker, Candy Babb, Derek Burkhart, DeLa Cruz, Dennis Seger, Robert Zilles**
c/o Senior Assistant Ohio Attorney General Andrew T. Gatti
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7233
Facsimile: (855) 665-2568
Email: andrew.gatti@ohioago.gov