**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN KEITH ALFORD,** | : | |
| | : | **Case No. 3:21-cv-01123** |
| **Plaintiff,** | : | |
| | : | **Judge James G. Carr** |
| v. | : | |
| | : | **Magistrate Judge Darrell A. Clay** |
| **ROBERT ZILLES,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST
FOR 60 DAY EXTENSION TO SERVICE DEFENDANT PORTER;
TO EXTEND DISCOVERY DEADLINE; PROCURE EXPERT WITNESS (DOC. 59)**

Now come the Defendants, Candy Babb, Anitra Barker, Derek Burkhart, and Dr. Dela Cruz, by and through counsel, and submit the following regarding Plaintiff's Notice to the Court (Doc. 58) and Requests for extensions of time. (Doc. 59).

Plaintiff requests that all time frames be modified due to an illness he experienced and the lockdown of his institution. (See Doc. 58; Doc. 59).

**DEFENDANT PORTER**

Plaintiff seeks an extension of time to serve Dr. Porter. Defendants oppose the same. Plaintiff initially filed this lawsuit on April 16, 2021. (Doc. 1). He amended his Complaint to add Dr. Porter on August 18, 2021 (See Doc. 11). He was appointed counsel on May 30, 2023 (See Order appointing Patricia Horner). Service was attempted on Dr. Porter for the first time on July 4, 2023 (Doc. 26). Plaintiff then, through counsel, filed an extension of time to affect service on October 27, 2023 (Doc. 32). An alias summons was filed on March 15, 2024 (Doc. 36). After irreconcilable differences arose between Attorney Horner and Plaintiff, she withdrew.

On October 3, 2024, Attorney Sobecki entered his appearance. He filed for extensions of time to serve Dr. Porter on October 7, 2024 (Doc. 45) and December 3, 2024 (Doc. 53). After irreconcilable differences arose between Attorney Sobecki and Plaintiff, he withdrew. (Minute Order, 12/09/2024). However, Attorney Sobecki was given until January 30, 2025 to secure process of service on Dr. Porter. (Minute Order, 12/16/2024). The Court specifically ordered that the failure to secure service on Dr. Porter would result in dismissal of the Defendant.

Plaintiff now seeks an additional sixty (60) days to perfect service. However, he offers nothing in either Doc. 58 or Doc. 59 to demonstrate what he intends to do differently to procure service or why he needs additional time to do so. Defendants respectfully request that Plaintiff's request for an additional 30 days to effect service of process on Dr. Porter, who is no longer employed by ODRC, be denied, and that he be dismissed as a party to this matter.

## EXTEND DISCOVERY DEADLINE

Plaintiff has never submitted a formal discovery request to Defendants. Plaintiff now seeks an additional sixty (60) days to "to extend discovery" (Doc. 59, PageID# 245). As of March 25, 2024, Plaintiff, through Attorney Horner, verified that Plaintiff has received all the pertinent medical records. (Minute Order, 03/25/2024). Those records included Plaintiff's 2018 through 2021 medical records. Then, after counsel changed, Defendants supplied Attorney Sobecki with all the medical records, as well as his JP Kites, Grievance documents, Reasonable Accommodations Request and other documents. These records were then provided to a court appointed expert for review. That expert opined that Plaintiff's medical issues regarding his feet were not caused by improper footwear as alleged in the Complaint.

Defendants submit that the time for discovery is well past. Plaintiff, pro se, and then through two very competent attorneys, had the opportunity to obtain, through informal discovery, any documents necessary to fully litigate the matter. They did, in fact, obtain the same, which was then reviewed by their expert. The parties discussed that unless Plaintiff produced a new expert with an opinion differing from his prior expert, then no depositions would be necessary. Further, Plaintiff, pro se, would likely struggle to come up with the funds to depose an expert witness. Defendants therefore request that no additional time for discovery be granted.

## PROCURE EXPERT WITNESS

Plaintiff has requested an additional time to procure an expert witness due to an illness, and then the lockdown of his institution. Defendants have no objections to an additional sixty days to procure an expert witness, at the cost of Plaintiff. However, Defendants ask that this be the last extension given to Plaintiff, as he has already had one expert appointed for him and he has already had additional time to search for his own expert witness.

## SCHEDULING ORDER

Defendants request that if Plaintiff receives an additional sixty (60) days to procure an expert witness, then the scheduling order as set for in the Minute Order (12/16/2024) be modified to allow an additional thirty (30) days after the date that Plaintiff's time to procure an expert has expired to file their motion for summary judgment. This would make their motion for summary judgment due approximately on or before May 5, 2025.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


*s/Marcy A. Vonderwell*
MARCY A. VONDERWELL (0078311)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
P: (6l4) 728-7056/F: (866) 401-2830
Marcy.Vonderwell@OhioAGO.gov

*Counsel for Defendants*


### **CERTIFICATE OF SERVICE**

I hereby certify that a copy of *Defendants' Response to Plaintiff's Request for 60 Day Extension to Service Defendant Porter; to Extend Discovery Deadline; Procure Expert Witness (Doc. 59),* has been electronically filed this 10th day of February 2025, and it has been served upon Plaintiff via U.S. mail, postage prepaid at the address below:

Brian Keith Alford, #A196-744
Ross Correctional Institution
PO Box 7010
Chillicothe, OH 45601

*s/ Marcy A. Vonderwell*
MARCY A. VONDERWELL (078311)
Senior Assistant Attorney General

4