# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **Brian Keith Alford,** | : | |
| | : | Case No. 3:21-cv-01123 |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Judge James G. Carr |
| | : | |
| **Robert Zilles, *et al.*,** | : | Magistrate Judge Darrell A. Clay |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Now come the Defendants, Robert Zilles, Ms. Barker, Candy Babb, CNP, Derek Burkhart, Dr. DeLa Cruz, and Dennis Seger, by and through counsel, hereby submit their Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a). Defendants' reasonings are contained in the Memorandum, below.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


*s/Marcy A. Vonderwell*
MARCY A. VONDERWELL (0078311)*
  *\*Lead Counsel*
ANDREW T. GATTI (0086854)
Senior Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 644-7233/(866) 401-2830 – fax
Marcy.Vonderwell@OhioAGO.gov
Andrew.Gatti@OhioAGO.gov

Counsel for Defendants

**MEMORANDUM**

**I.     Procedural History**

Plaintiff, Brian Keith Alford, is an incarcerated individual in the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC"). Mr. Alford was convicted in the Montgomery County, Ohio, Court of Common Pleas on three counts of robbery and aggravated robbery with a firearm specification. On March 27, 1984, the Montgomery County court sentenced him to consecutive 3 - 15 year sentences on each robbery count and 5 - 25 years on the aggravated robbery charge, followed by three years actual incarceration for the firearm specification. *Ohio v. Alford*, No. 83 CR 2225 (Mont. Cty. Ct. Comm. Pls. 1983). In 2002, Plaintiff was convicted of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and sentenced to serve 144 months in federal prison. *See Alford v. United States*, No. 17-3680 (6th Cir. Nov. 14, 2017); *Alford v. Rice*, S.D.Ohio No. 3:24-cv-35, 2024 U.S. Dist. LEXIS 69088, at *3-4 (Apr. 16, 2024). Upon his release, he was returned to the custody of the State of Ohio to serve the remainder of his Ohio sentence. *Alford v. Mohr*, S.D.Ohio No. 1:15-cv-645, 2018 U.S. Dist. LEXIS 33680 (Mar. 1, 2018).

On April 16, 2021, Plaintiff filed the initial complaint, alleging deliberate indifference to his medical needs. (Doc. 1). Thereafter, on August 18, 2021, he amended the Complaint to include additional defendants. (Doc. 11). Plaintiff alleges deliberate indifference to his medical needs in violation of the Eighth Amendment on the basis of the alleged refusal of prison medical staff and officials to provide him with the treatment he desires for hepatitis-C and to allow him to purchase boots for circulation and other problems with his feet.

2

On November 17, 2021, this court dismissed Plaintiff's amended complaint in accordance with 28 U.S.C. § 1915(e)(2)(B). (Doc. 18). Plaintiff filed an appeal to the Sixth Circuit Court of Appeals, which affirmed in part, vacated in part, and remanded the matter back to the District Court for further proceedings. (Doc. 24). The Sixth Circuit concluded that Alford has stated a claim regarding the denial of properly fitted footwear needed due to circulation, neuropathy, balance, scoliosis, and degenerative spine disorder. *Alford v. Zilles*, 6th Cir. No. 22-3416, 2023 U.S. App. LEXIS 12637, at *6 (May 22, 2023).

Thereafter, the parties[1] engaged in discovery. Plaintiff sought and received authorization to undergo an independent medical review with the results to be submitted to the Court and Defendants. (See Minute Order, 09/25/2024; Minute Order 11/12/2024). Plaintiff's Expert, Dr. Donato Borrillo, authored an expert medical evaluation finding "it is my professional opinion that his peripheral neuropathy is attributable to a vitamin B12 deficiency, most likely stemming from his longstanding hepato-intestinal disease, rather than any issues related to footwear." (Ex. 3, Borrillo Independent Medical Review, BS DRC001000-1).

## II.   Facts as alleged by Plaintiff

Plaintiff alleges deliberate indifference to his medical needs in violation of the Eighth Amendment on the basis of the alleged refusal of prison medical staff and officials to provide him the boots he desires for circulation and other problems with his feet. He specifically notes that Robert Zilles, the health care administrator at Ross Correctional Institution (RCI), and Ms. Barker, the assistant health care administrator at RCI, denied him medically approved footwear. (Doc. 11, PageID 7). He alleges he was approved for medically-approved footwear in 2018, and that boots initially ordered for him were too wide, and then the replacement boots were too narrow. (*Id.* 8-

---

[1] As of the filing of this motion, Dr. Porter, who is no longer employed by ODRC, has not been served.

10). Disputes then arose between Plaintiff, HCA Robert Zilles and Assistant HCA Anitra Barker as to whether Plaintiff had accepted the boots and whether he could still order them in accordance with prison policy. In 2018, Plaintiff was informed that boots of the type he sought could no longer be ordered for inmates due to security issues unless specifically ordered by medical. (See Doc. 1-1 at 7). Plaintiff was instructed to work with medical to find appropriate alternative footwear. Plaintiff persisted in demanding that boots be approved for him through the prison grievance process (see Doc 1-1 at 9-14), and contends his Eighth Amendment rights have been violated because prison medical staff and officials have now refused to allow him to order boots. He also contends, without any medical evidence, that the numbness in his toes, feet, and lower legs is a direct result of being issued footwear that is too narrow. (Doc. 11, PageID 8).

As it relates to Dr. De La Cruz, his only allegations are related to events which took place in 2018. (See generally, Doc. 11). Regarding CNP Babb, he alleged that CNP Babb asked him if he would like to be resuscitated on March 8, 2019. (*Id.*). As it relates to Derek Burkhart, the former Institutional Inspector, Plaintiff alleges that Mr. Burkhart "attempted to justify" the denial of his properly sized boots. (*Id.* at PageID 9).

**III.     Facts as Alleged by Defendants**

Plaintiff has been housed at multiple institutions and received medical care at each of these locations. He was at Toledo Correctional Institution (ToCI) from November 1, 2017, until January 5, 2021. He was at Mansfield Correctional Institution (MaCI) from January 5, 2021, until January 19, 2022. Since January 19, 2022, he has been housed at housed at RCI. (Ex. 2, Burkhart Decl., citing Alford's Movement History, Ex. 2-B BS DRC001056-62).

Defendant Dr. Kathleen Mehan-DelaCruz was a Physician Administrator 2 at ToCI. Defendant Dennis Seger was a Psych Nurse at ToCI. Defendant Robert Zilles was the Healthcare

4

Administrator at ToCI.  Defendant Anitra Barker was the Assistant Healthcare Administrator at ToCI; and Defendant Candy Babb was a Nurse Practitioner at ToCI.

Plaintiff has a complex medical history that includes hypertension, eye disease, hepatitis/liver disease, carpal tunnel syndrome, cervical spondylosis, benign prostatic hyperplasia (BPH), lumbar disc disorder, and ulnar nerve injury.  (Ex. 1, Hayes Decl. BS DRC001063).  While housed at ToCI, Dr. Porter diagnosed Plaintiff with peripheral sensory neuropathy[2] on September 8, 2020, related to his vitamin B12 deficiency.  (*Id.* Citing Alford Medical Records, Ex. 1-A BS DRC000448)  He has consistently received treatment for his vitamin B12 deficiency since it was diagnosed.  However, the peripheral neuropathy damage appears to be permanent.  (Ex. 1 citing Ex. 1-A BS DRC 000351; DRC000454).

In 2018, Plaintiff was provided with boots that were the correct size per the manufacture's guidelines.  (Ex. 4, Affidavit of Defendant Anitra Barker; Ex. 2, BS DRC001066; Ex. 2-A Grievance Documents, BS DRC001014).  However, Plaintiff rejected the boots, claiming that they were too big.  (*Id.*)  They were returned for a smaller size, which Plaintiff accepted.  (*Id.*)  A few weeks later, Plaintiff attempted to return the boots, claiming that they were now too small.  Due to institution policy, the boots could not be returned.  (*Id.*)  Further, Plaintiff was informed that he could order tennis shoes at his own expense if he did not like the boots which were ordered.  (*Id.*)  Plaintiff continued to wear the boots, despite having other shoes available to him and despite stating that they were too small.  (*Id.*)  Plaintiff continued to request boots.  (Ex. 1, BS DRC001064-5).

---

[2] Peripheral neuropathy happens when the nerves that are located outside of the brain and spinal cord (peripheral nerves) are damaged. This condition often causes weakness, numbness and pain, usually in the hands and feet. (Hayes Decl., Ex. 1).  Peripheral neuropathy can result from traumatic injuries, infections, metabolic problems, inherited causes and exposure to toxins. One of the most common causes of neuropathy is diabetes.

5

On August 31, 2020, Plaintiff's B12 level was found to be low at 229, below the normal range of 232 to 1245. (Ex. 1-A, BS DRC000457). On September 8, 2020, he was diagnosed with vitamin B12 deficiency by Dr. Porter, who attributed his bilateral feet numbness to this deficiency. (Ex. 1 citing Ex. 1-A BS DRC000454). B12 injections were initiated and his levels returned to normal levels. However, the peripheral neuropathy appears to be permanent. (Ex. 1 citing Ex. 1-A BS DRC 000351; DRC 000454).

In June 2021, he ordered boots without institutional permission. He was not allowed to keep the same, as they were contraband. (Ex. 2, BS DRC001066-7). On July 16, 2021, he was evaluated again and it was determined that high ankle tennis shoes would be provided, as boots were not medically necessary and against security protocols. (Ex. 1 citing Ex. 1-A BS DRC000254; DRC000410). Dr. Lawrence consulted with Collegial Review, on July 19, 2021. Collegial Review determined that a pair of tennis shoes with high ankle support would suffice for any gait instability, and that boots are not necessary or indicated. (*Id.* citing Ex. 1-A BS DRC000200).

There is no medical evidence that Plaintiff required boots, or that ill-fitting shoes/boots caused Plaintiff's peripheral neuropathy or any other of the issues he alleges in his Complaint. (Ex. 3, BS DRC001000-1). Rather, the medical documentation demonstrates that peripheral neuropathy was caused by a vitamin B12 deficiency, which is being treated. (*Id.*)

## IV. Arguments of Law

### A. Standard of Review: Fed. R. Civ. P. 56(a).

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" when "the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is the moving party that has the burden of showing an absence of evidence to support the nonmoving party's case, see *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), and the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After a moving party has carried its initial burden of production, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87. He must "designate specific facts in affidavits, depositions, interrogatories, or other factual material" from which a reasonable jury could find in his favor. *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F.Supp.2d 846, 849 (S.D. Ohio 2011). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). There must be more than "some metaphysical doubt as to the material facts." *EEOC v. Ford Motor Corp.*, 782 F.3d 753, 770 (6th Cir. 2015) (en banc).

In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists *Matsushita Elec. Indus. Co.*, 475 U.S. at 587-588.

B. **Section 1983 Claim.**

To maintain a claim under § 1983, a plaintiff must establish that he was deprived of a right secured by the Constitution or the laws of the United States, and that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). This is because § 1983

"is not itself a source of substantive rights," but instead merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). Thus, the first step in evaluating a § 1983 claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Baker*, 443 U.S. at 140.

### C. Statute of Limitations

In Ohio, a two-year statute of limitations applies to actions under 42 U.S.C. §1983. *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. Ohio 1989) (en banc); *see also* R.C. 2305.10. Therefore, any allegations of wrongdoing against any Defendant by the Plaintiff which occurred before April 16, 2019, must be dismissed as the statute of limitations has expired.

### D. There is No Evidence of Deliberate Indifference to a Serious Medical Need.

The government has an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "But mere failure to provide adequate medical care to a prisoner will not violate the Eighth Amendment. In those circumstances, a constitutional violation arises only when the doctor exhibits 'deliberate indifference to a prisoner's serious illness or injury.'" *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018), quoting *Estelle*, 429 U.S. at 105.

In order to state a claim for relief under 42 U.S.C. §1983 concerning a denial of medical care, Plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860–61 n. 5 (6th Cir. 1976). Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."

8

*Estelle,* 429 U.S. at 106. "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 105-106.

To establish an Eighth Amendment deliberate indifference claim, a plaintiff must demonstrate both objective and subjective components. He must demonstrate that his medical condition posed a "substantial risk of serious harm" to him, and, that the prison official in question acted with deliberate indifference to that risk. See *Farmer v. Brennan*, 511 U.S. 825, 825 (1994). "Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). "[T]o prove the required level of culpability, a plaintiff must show that the official in question: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty*., 625 F.3d 935, 941 (6th Cir. 2010).

"In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain treatment decisions made by the medical staff, the defendant is entitled to summary judgment." *Allison v. Martin*, 2009 U.S. Dist. LEXIS 79135 at *6 (E.D. Mich. Sept. 2, 2009) (citing Sixth Circuit cases); *see also Alspaugh v. McConnell*, 643 F.3d 162, 168-69 (6th Cir. 2011) (granting pre-discovery summary judgment on a medical deliberate indifference claim based upon medical records produced by the state which "demonstrate[d] as a matter of law that medical personnel were not deliberately indifferent to [the prisoner's] medical needs.").

The objective component requires the existence of a "sufficiently serious" medical need. *Blackmore v. Kalamazoo Cnty*., 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at

9

834; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Where "doctors provide some care and prisoners challenge their treatment choices as inadequate. . . . [P]risoners must show more." *Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021) (citing *Anthony v. Swanson*, 701 F. App'x 460, 463–64 (6th Cir. 2017). The Eighth Amendment's objective component is satisfied only where the treatment provided "is 'so grossly incompetent' or so grossly 'inadequate' as to 'shock the conscience' or 'be intolerable to fundamental fairness.'" *Phillips*, 14 F.4th at 535 (quoting *Rinehart*, 894 F.3d at 737). If the plaintiff has received medical care, he must "present expert medical evidence describing what a competent doctor would have done and why the chosen course was not just incompetent but grossly so." *Id.* at 536 (citations omitted).

The subjective component requires an inmate to show that prison officials had "a sufficiently culpable state of mind" in providing inadequate medical care. *Farmer*, 511 U.S. at 834. "A doctor's errors in medical judgment or other negligent behavior do not suffice to establish deliberate indifference." *Rinehart*, 894 F.3d at 738. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Gunther*, 561 F. App'x at 500 (quoting *Harrison*, 539 F.3d at 518). "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison Cnty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994). In sum, to prove the subjective component, a plaintiff must show that the official: (a) subjectively knew of a risk to the prisoner's health; (b) drew the inference that a substantial risk of harm to the prisoner existed; and (c) consciously disregarded that risk. *Farmer*, 511 U.S. at 837. Plaintiff can prove none of these elements.

In the instant matter, Plaintiff alleges an Eighth Amendment, deliberate indifference to serious medical needs claims against multiple officials, whether they provided medical care or not.

He specifically claims that these Defendants refused to provide him with Size 12EEE boots, which caused circulation, neuropathy, balance, scoliosis, and degenerative spine disorder. (Doc. 11, PageID 7) However, there is significant medical evidence that Plaintiff's issues were actually caused by a vitamin B12 deficiency. (Ex. 3, BS DRC001000-1; Ex. 1, BS DRC001063-5). Further, Plaintiff was provided with properly fitted tennis shoes consistent with his medical needs. (Ex. 1, BS DRC001063-5). He was not provided with the boots he requested as the same are contraband and posed a security risk. (Ex. 1, BS DRC001063-5; Ex. 2, BS DRC001066-7) As such, Plaintiff cannot prove any prison official knew of a serious medical condition and ignored it.

Because Plaintiff has received medical care, he must "present expert medical evidence describing what a competent doctor would have done and why the chosen course was not just incompetent but grossly so." *Phillips*, 14 F.4th at 536. He cannot do so. In fact, the opposite occurred. His expert, Dr. Borrillo, opined that his peripheral neuropathy is attributable to a vitamin B12 deficiency, most likely stemming from his longstanding hepato-intestinal disease, rather than any issues related to footwear." (Ex. 3). Based upon the foregoing, Defendants are entitled to summary judgment.

### E. Defendants are Entitled to Qualified Immunity.

Government actors generally receive qualified immunity in § 1983 actions. Once raised, Plaintiff bears the burden of defeating this immunity. *Blake v. Wright*, 179 F.3d 1003, 1007 (6th Cir. 1999). He has not met this burden.

The doctrine of qualified immunity protects "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

11

known." *Miller v. Sanilac Cty.*, 606 F.3d 240, 247 (6th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). State actors lose this immunity when they violate clearly established constitutional rights of which a reasonable person should have known. *Harlow*, 457 U.S. at 818. The doctrine thus offers no solace to "the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

To determine if a defendant is entitled to qualified immunity, two questions must be asked: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation of which a reasonable person would have known?" *Id*. Unless the answer to both is yes, government officials are protected by the doctrine of qualified immunity. *Id*. Once a Defendant has raised the qualified immunity defense, the Plaintiff bears the burden of showing that they are not entitled to qualified immunity. *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012).

In the instant matter, Plaintiff cannot demonstrate that a constitutional violation has occurred as it relates to his claim. As such, all Defendants are entitled to qualified immunity. Assuming the Court finds that a constitutional violation occurred, all Defendants are still entitled to qualified immunity because no reasonable person would know that refusing to allow Plaintiff to have access to boots which present a security risk to the prison, while allowing him to have access to medically appropriate high top tennis shoes would constitute a constitutional violation.

**F.     Defendants are entitled to Eleventh Amendment Immunity**

To the extent that Plaintiff seeks monetary damages from Defendants in their official capacity, the Eleventh Amendment (as well as Ohio's Sovereign Immunity) bars his claims. The Eleventh Amendment bars all suits against a State or one of its agencies or departments to which it does waive immunity, regardless of the nature of the relief sought. *See Pennhurst State School*

*& Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Missouri v. Fiske*, 290 U.S. 18, 27 (1933). In general, the Eleventh Amendment bars a suit in federal court against state officials when "the state is the real, substantial party in interest." *Id*. at 101. "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Where a State has not waived its immunity, and there has been no Congressional abrogation, the Eleventh Amendment acts as a jurisdictional bar to a federal court lawsuit against a state. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992). Ohio has not waived its sovereign immunity, and Congress did not disturb the State's Eleventh Amendment immunity when it passed 42 U.S.C. 1983. *Id*. at 718; *McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012); *Mackey v. Cleveland State Univ.*, 837 F. Supp. 1396, 1403 (N.D. Ohio 1993). To the extent that Plaintiff sues the Defendants in their official capacities, the Eleventh Amendment bars those claims for monetary damages.

## V.     CONCLUSION

Defendants move this Honorable Court to grant summary judgment in their favor as to all of Plaintiff's claims against them. There are no genuine disputes as to any material facts. Even when construing all evidence in Plaintiff's favor, reasonable minds can only conclude that Plaintiff cannot satisfy the elements of his claims. As such, the Court should issue an order granting summary judgment in favor of the Defendants against the Plaintiff and dismiss all claims with prejudice.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


*s/Marcy A. Vonderwell*
MARCY A. VONDERWELL (0078311)*
  **Lead Counsel*
ANDREW GATTI (0086854)
Senior Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 644-7233/(866) 521-9902 - fax
Marcy.Vonderwell@OhioAGO.gov
Andrew.Gatti@OhioAGO.gov

Counsel for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendants' Motion for Summary Judgment*, has been electronically filed and has been served upon Plaintiff, Brian Keith Alford, A196744, Ross Correctional Institution, P.O. Box 7010, Chillicothe, Ohio 45601 via U.S. mail, postage prepaid, this 12th day of March, 2025.

*/s/ Marcy A. Vonderwell*
MARCY A. VONDERWELL (078311)
Senior Assistant Attorney General