IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brian Keith Alford,

   Plaintiff,

  v.

Robert Zilles, *et al*.,

   Defendants.

Case No. 3:21-cv-01123

Judge James G. Carr

**ORDER**

  This is a *pro se* prisoner civil rights suit. When Plaintiff initially filed this lawsuit, the gravamen of his complaint was that the Defendants' failure to provide properly sized footwear, specifically boots aggravated preexisting medical conditions. Since then, he has received alternative footwear, tennis shoes, as boots are considered contraband per the policy of the Ohio Department of Rehabilitation and Correction (ODRC). (Doc. 62, PgID 265).

  Nonetheless, he maintains this litigation, contending the issued footwear is insufficient, and he continues to suffer. He seeks to recover damages for the pain and suffering that he has endured.

  Following review of his Complaint, on May 30, 2023, I first assigned Ms. Patricia A. Horner, Esq., under our Court's *Pro Bono* Program, to represent the Plaintiff. (Doc. 25).

  At some point thereafter, Ms. Horner informed the Court that irreconcilable differences had arisen between her and Plaintiff. (Doc. 42). So, I granted her leave to withdraw as counsel. (See 09/25/2024 Minute Order).

  Thereafter, I *sua sponte* appointed as successor *pro bono* counsel, Joseph Sobecki, Esq.. (Doc. 44, Minute Order 10/03/2024).

In time, Attorney Sobecki too, sought leave to withdraw due to irreconcilable differences with the Plaintiff. (Doc. 55, Doc. 57). On December 27, 2024, I granted his Motion. (Doc. 56).

In the meantime, with my approval, Plaintiff' Counsel procured an expert's report at the expense of our *Pro Bono* Program. That expert opines that Plaintiff's current complaints have everything to do with his medical condition and nothing to do with his footwear; *i.e.,* there is no merit to Plaintiff's lawsuit. (See, October 18, 2024 Report of Dr. Donato Borrillo).

Now pending is Plaintiff's *pro se* Motion to Modify Orders Between December 7, 2024 to Present (Doc. 58); Motion to Extend the Discovery Deadline for sixty (60) days (Doc. 59); and Motion for Sixty Day Extension to File Motion in Opposition to Summary Judgment. (Doc. 63).

In support of his Motions, Plaintiff argues he was in the hospital from December 7, 2024 until January 2, 2025, and the Ross Correctional Institution was on lockdown after a Corrections Officer was killed on December 25, 2024. (Doc. 58, PgID 238, Doc. 59, PgID 245-46, Doc. 63, PgID 1346-47). He was therefore without access to the law library or legal materials.

Plaintiff also asks for an opportunity to seek – on his own time and at his own expense – another expert report. (Doc. 59). And he wants additional time in which to procure service of process on Defendant, Dr. Lawrence Porter. (*Id.*).

a. **Extension of the Discovery Deadline**

Counsel for the Defendants opposes the extension to permit Plaintiff to take – or try to take – additional discovery. (Doc. 60, PgID 256). I concur that in all likelihood Plaintiff has all the discovery there is to be had, and that both of his attorneys received the documents. I am sympathetic to Defendant's plight. However, there is nothing more to which Plaintiff points that he believes Defendants have but did not turn over. So I find an extension of any length would simply result in further undue delay. Therefore, I deny this request.

### b. Extension of Time to Serve Defendant, Dr. Lawrence Porter

Defendants additionally oppose additional time to serve Dr Porter, who is no longer an employee of the ODRC. (*Id.*).

I agree with Defendants. I deny Plaintiff's request for additional time to serve Dr. Porter. Plaintiff filed suit on April 16, 2021. (Doc. 1). He added Dr. Porter as a party on August 18, 2021. (Doc. 11). I appointed Defendant, not one, but two *pro bono* attorneys – the first (Attorney Horner) on May 30, 2023, and the second (Attorney Sobecki) on October 3, 2024.

Attorney Horner attempted service on Dr. Porter on July 4, 2023. (Doc. 26). She sought additional time to perfect service on October 27, 2023. (Doc. 32). She then filed a Praecipe for Issuance of an Alias Summons on March 15, 2024. (Doc. 36). The Court issued the Summons on March 19th. (Doc. 37). Yet, service remained unperfected.

Attorney Sobecki, after entering his appearance, sought extensions to serve Dr. Porter, first by October 7, 2024 (Doc. 45), then by December 3, 2024. (Doc. 53). I gave Plaintiff until January 30, 2025 to secure service. (See 12/16/2024 Minute Order). I was clear "failure to perfect such service will result in dismissal of defendant Porter."

I stand by my word. Multiple attempts of service upon Dr Porter have been made and all have failed. I therefore deny Plaintiff the right to make any further attempt and hereby dismiss Dr. Porter.

### c. Extension/Allowance to Seek an Additional Expert Witness

Defendants do not oppose a 60-day extension for Plaintiff to *attempt to* secure another expert witness. (*Id.*). I do, however, deny this request. First, though Plaintiff states, and the Defendants do not dispute, that he was hospitalized for much of December, he could have undertaken his request to seek an alternative expert between the time the original expert, Dr.

Donato Borrillo, issued his report (October 18, 2024) and the time I allowed Mr. Sobecki to withdraw as Plaintiff's second Court-appointed counsel (January 3, 2025).

Second, it does not appear that he has any particular expert in mind. Instead, more than three plus years after filing his *pro se* Complaint, he wants to embark, while yet confined in prison, a search for a competent professional willing to review records, conduct an examination and write a report – without any likelihood of payment.

Under all the circumstances, it makes no sense to permit the Plaintiff when this is nothing but a will of the wisp. I therefore decline to grant this request.

### d. Briefing Schedule for Defendant's Motion for Summary Judgment

Finally, Defendant filed a Motion for an Extension of sixty days to respond to Defendant's recently filed Motion for Summary Judgment. (Doc. 63). I will allow Defendant more than the ordinary time to respond, but less than the time he seeks.

So that the progress of this case can be made without further delay, and Defendants having filed a Motion for Summary Judgment on March 12, 2025 (Doc. 62), Plaintiff shall have forty-five (45) days to file his Opposition to the Motion for Summary Judgment. Defendants shall have fifteen (15) days after Plaintiff files his Opposition to file a Reply.

In light of the foregoing, it is hereby

ORDERED THAT:

1. Plaintiff's Motion to Extend the Discovery Deadline (Doc. 59) be, and the same hereby is, **denied**;

2. Plaintiff's request for additional time to seek another expert opinion (contained in Doc. 59), be, and the same hereby is, **denied**;

4

3. Plaintiff's request for additional time to serve Defendant Dr. Porter (contained in Doc. 59), be and the same hereby is, **denied;**

4. I hereby **dismiss Dr. Porter** from this lawsuit;

5. As Defendants filed their dispositive Motion for Summary Judgment on March 12, 2025, the Court sets the following briefing deadlines:

 a. Plaintiff shall file his Opposition to Defendant's Motion for Summary Judgment (Doc. 62) on or before **May 12, 2025**;

 b. If Plaintiff *timely* files his Opposition, Defendants shall have **fifteen (15) days** from the date Plaintiff' Opposition is filed to file a Reply;

6. Having modified the briefing deadlines originally set forth in my Order of December 16, 2024, Plaintiff's Motion to Modify Deadlines (Doc. 58) is **denied** as moot;

7. Plaintiff's Motion for a sixty-day extension to respond to Defendant's Motion for Summary Judgment (Doc. 63) is **denied** as moot; and

8. No further extensions of these deadlines shall be allowed.

SO ORDERED.

/s/ James G. Carr
Senior U.S. District Judge