IN THE UNITED STATESD DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION



BRIAN KEITH ALFORD

    Plaintiff,

    v.

ROBERT ZILLES, et. Al.,

    Defendants.

Case No. 3:21-CV-01123

Judge James G. Carr

Magistrate Judge

Darrell A. Clay

### PLAINTIFF'S OBJECTIONS TO THE COURT'S ORDER OF MARCH 28TH, 2025 (DOC. 65)

Comes now Plaintiff, Brian Keith Alford, *pro se*, and respectfully objects to this Court's ORDER for permission to reply to Defendants response to Plaintiff's for 60 day extension to service Defendant Porter; to extend discovery deadline and to procure an expert witness (DOC. 59, 65).

### COURT ORDER MARCH 28TH, 2025

Plaintiff objects to the allegation of the court that plaintiff has since received alternative footwear, tennis shoes, as boots are considered contraband

1

per policy of the ODRC (doc. 62, PgID 265). Plaintiff was allowed to purchase boots, tennis shoes and insoles by Ross Correctional institutional through ADA Supervisor Scotty Cyrus via Mr. Mike Scott/Health Care Administrator. However, does continue this litigation due to the delay in providing medically necessary footwear which caused damage to his feet warranting damages for pain and suffering endured.

### ATTORNEY PAT HORNER/JOSEPH SOBECKI

First attorney Pat Horner was assigned to this case to represent Plaintiff on May 30th, 2024 under the *Pro Bono* Program. (Doc. 25). However, due to Ms. Horner's inability to familiarize herself with Plaintiff's case and his concerns, and undue malingering his case, Plaintiff filed disciplinary charges against Ms. Horner and asked that she be removed for railroading Plaintiff's case. (Doc. 42). Plaintiff provided no less than 45 e-mail messages to the Court and the Supreme Court Disciplinary Counsel as proof. Ms. Horner was granted leave to withdraw, but not without order Ms. Horner to obtain a copy of Plaintiff's medical file dating from 2018 to 2021 from Attorney General Assistant Vonderwell. Attorney Joseph Sobecki was then assigned as successor *pro bono* counsel (Doc. 44, Minute Order 10-03-24). A civil complaint was subsequently filed in federal

court against MS. Horner, Mr. Sobecki, and Attorney for Defendants Marcy Vonderwell, and Mr. Sobecki was allowed to withdraw as counsel (Doc. 55, 56, 57).

## DEFENDANT PORTER

Original counsel Patricia Horner failed to properly serve Defendant Porter, and alluded to the fact that all Defendants had been served after appointment to the Plaintiff's case. It was due to Ms. Horner's failure to service Defendant Porter, and well as the inability of last counsel Joseph Sobeski to properly serve Defendant Porter that requires Plaintiff to serve the remaining Defendant himself. Therefore, an extension of needed in order to properly serve this Defendant. In addition, Plaintiff submits that the Defendant's Response was filed with the Court on February 10th, 2025 yet Plaintiff did not receive a copy until March 3rd, 2025 [see attachments – sign in log, pass for mail room]. This has been a significant issue since the murder of a Correctional Officer here at Ross Correctional on December 25th, 2024 and prevent a substantial burden on Plaintiff in responding to litigation. Not to mention the law library was not accessible until March 12th, 2025 yet the current library staff does not have a

3

working access code to print typed materials. Hence, the lateness in filing this request.

## EXTENSION OF DISCOVERY DEADLINE

It should be specifically noted that it was prior counsel Patricia Horner and Joseph Sobecki who failed to file timely discovery request in order to strengthen Plaintiff's case. In fact, no request for discovery have ever been filed in the instant case. Ms. Horner concentrated more on attempting to obtain meaningless settlement discussion, and requested three figures for settlement negotiations, which were never considered, and was well aware of the Plaintiff's need for properly fitted footwear (boots, tennis shoes) as early as 1996 when Plaintiff suffered a burst blood vessel in his foot while at Belmont Correctional Institution, and ODRC provided boots once each year from 1996 to 1999, albeit 11 ½ wide and not 11 ½ 3e. In addition, Plaintiff's medical filed upon entering ODRC in 2011 contains documentation from Federal Bureau of Prisons authorizing Plaintiff to receive 12 3e boots, tennis shoes indefinitely from 2003 until his release to ODRC on parole violation detainer in 2011. These discovery documents are vital and paramount to Plaintiff's case. Judge Carr ordered Defendant to provide Mr. Sobeski with a copy of Plaintiff's medical filed

4

from 2018 to 2021, which was unreasonable under the circumstances involving Plaintiff's need for properly fitted footwear, and the medical expert appointed to review Plaintiff's file for this time period allowed in inference that Plaintiff's peripheral neuropathy was attributed to a number of factors, which can be discounted with an independent medical expert when hired. Therefore, Plaintiff respectfully objects to this Honorable Court order denying Plaintiff's request for additional time in which to serve Defendant Porter, extend the discovery deadline, to allow Plaintiff to procure an independent medical expert at his expense in the interest of justice. Plaintiff has not been afforded discovery in this matter due to prior appointed counsel's failure to request same.

### RECUSAL OF COUNSEL MARCY A. VONDERWELL

Plaintiff also request that Attorney Marcy A. Vonderwell be recused from this case for attorney misconduct and the appearance of bias due to her representation in Alford V. Pressley, Case No. 2:24-CV-34 in which an attempt was made to railroad Plaintiff's case by attempting to force Plaintiff into withdrawing his request for discovery in that case. Ms. Vonderwell has not been forthcoming in attempting to mediate this case following remand by Sixth

5

Circuit on May 22nd, 2023. Therefore, Plaintiff request Ms. Vonderwell be recused from this case for the appearance of bias.

VERIFICATION: I hereby swear under penalty of perjury that the information contained herein is true and accurate to the best of my knowledge and belief pursuant to 28 U.S.C. 1746, and that I was not able to access this document until today April 2nd, 2025 for mailing.

BRIAN KEITH ALFORD A196-744

PLAINTIFF, pro se

CERTIFICATE OF SERVICE

Ii hereby certify that a true copy of the foregoing document was sent via regular U.S., postage prepaid this _7th_ day of _APRIL_, 2025 to:

MARCY A. VONDERWELL (0078311)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428

BRIAN KEITH ALFORD A196-744

Plaintiff, *pro se*

6