IN THE UNTIED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

FILED

APR 18 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

Brian Keith Alford

    Plaintiff,

v.

Robert Zilles, et. al,

    Defendants.

Case No. 3:21-CV-01123

Judge James G. Carr

Magistrate Judge Darrell A. Clay

PLAINTIFF'S MOTION IN OPPOSITION

TO DEFENDANT'S MOTION FOR

SUMMARY JUDGMENT (DOC.62)

Comes now Plaintiff, Brian Keith Alford, *pro se*, and hereby files his Motion in Opposition to Defendant's Motion for Summary Judgment filed on March 12th, 2025 (DOC 62). A memorandum in support of Plaintiff's motion is attached hereto with accompanying declaration and exhibits.

                Respectfully submitted,

                Brian Keith Alford A196-744

1

## MEMORANDUM IN SUPPORT

**I** **Procedural History**

Plaintiff, Brian Keith Alford, is an incarcerated individual in the care and custody of the Ohio Department of Rehabilitation and Corrections ("ODRC"). Plaintiff was wrongfully convicted in the Montgomery County, Ohio, Court of Common Pleas on three count of robbery and one count of aggravated robbery with a firearm specification. On March 27th, 1984, the Montgomery County Court sentenced Plaintiff to consecutive 3-15 year sentences on each robbery count and 5-25 years on the aggravated robbery charge, followed by three years actual incarceration for the firearm specification. *Ohio V. Alford,* No. 83 CR 2225 (Mont. Cty. Ct. Comm. Pls. 1983). In 2002, Plaintiff was wrongfully convicted of armed bank robbery, in violation of 18 U.S.C. 2113(a), (d) and (f) and use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. 924 (c) and sentenced to serve 14 months in federal prison. See *Alford V. United States,* No. 17-3680 (6th Cir. Nov. 14th, 2017) [ see also Exhibit A-8, A-9 letter from Innocence Project dated August 7th, 2023 attached; direct appeal – footnote]. Following completion of his federal sentence, Plaintiff was returned to ODRC illegally on parole violation 10 and one-half later without a speedy determination of his

2

status as a parole violator [Alford V. Pressley, et.al, 2:24-CV-34 United States District Court-Southern District, Eastern Division at Columbus]. While housed in Federal Bureau of Prisons from 2003 until 2011 Plaintiff was granted permission to purchase medically necessary boots and tennis shoes [Exhibit A attached]. From 1996 until 1999 ODRC provided Plaintiff with medically necessary boots for circulatory issues with his feet which required a size 11 ½ 3E. However, Plaintiff was only provided a size 11 ½ Medium with boot, not the required 3E width [see Plaintiff medical file from 1996 to 1999; Federal Bureau of Prisons documentation [ Exhibit A-1, A-2, A-3, A-4, A-5, A-6, A-17 ;  04-10-04 and 11-14-04; medical report of duty status 09-23-03; receipt from Red Wing Boots $181.90; Federal Bureau of Prisons release authorization 01-06-2011; notice of release and arrival 01-07-2011].

On April 16th, 2021, Plaintiff filed the initial complaint for deliberate indifference to his serious medical needs for failure to treat for a life-threatening illness [Hep-C], and failure to provide properly fitted medically necessary boots, tennis shoes (Doc. 1). Thereafter, on August 18th, 2021 Plaintiff filed an amended complaint to include additional defendants. (Doc. 11). The basis for the claim is failure of ODRC to provide Plaintiff with treatment for Liver Disease – hepatitis-c and to provide Plaintiff with properly fitted boots/tennis

3

shoes for circulatory problems with his feet and balance issues related to scoliosis, degenerative spine disorder in violation of the Eighth Amendment. On November 17th, 2021 this Court dismissed Plaintiff's amended complaint in accordance with 28 U.S.C.1915 (e)(2)(B). (Doc. 18). Plaintiff filed an appeal to the Sixth Circuit Court of Appeals, which affirmed in part, and vacated in part, and remanded the matter back to the District Court for further proceedings. (Doc. 24). The Sixth Circuit concluded that Plaintiff has stated a claim regarding the denial of properly fitted footwear needed due to circulation, neuropathy, balance, scoliosis, and degenerative spine disorder. *Alford V. Zilles,* 6th Cir. No. 22-3416, 2023 U.S. App. LEXIS 12637, at *6 (May 22nd 2023). Plaintiff will seek review on appeal if warranted on the denial of treatment for his life-threatening illness related to Liver Disease and failure to treat for same.

It should be specifically noted that the parties have NEVER engaged in discovery matter, as prior appointed counsel Pat Horner never requested ANY discovery materials. Likewise, second appointed counsel Joseph Sobecki NEVER requested ANY discovery materials. The parties attempted, erroneously, to engage in mediation, and Plaintiff provided three settlement numbers to Counsel Horner, but ODRC has never intended to adequately mediate compensation with Plaintiff for his damages. In addition, counsel Horner was

4

assigned an independent medical review by the court, and was provided a limited access to Plaintiff's medical file for review, which prejudiced Plaintiff [see Minute Order 09/25/24; Minute Order 11/12/24). The medical expert authored a report which was erroneous finding "it is my personal opinion that Plaintiff's peripheral neuropathy is attributable to a vitamin B-12 deficiency, most likely stemming from his longstanding hepato-intestiinal diseas, rather than any issues related to footwear." Ex. 3, Donato Borrillo Independent Medical Review, BS DRC00100-1). In fact, Dr. Bigler, Dr. Porter and Dr. Babb attributed plaintiff's B-12 deficiency to his failure to adequately absorb B-12 into his system due to Irritable Bowel Syndrome and Diverticulitus. At no time prior to 2020 has Plaintiff ever been diagnosed with B-12 deficiency, specifically for the periods of 1996 to 1999 when Plaintiff required size 11 ½ 3E boots while in custody of ODRC, and 2003 to 2011 while in custody of Federal Bureau of Prisons.

II.     Facts alleged by Plaintiff

Plaintiff asserts deliberate indifference to his serious medical needs in violation of the Eighth Amendment on the basis of the refusal of prison medical staff and officials to provide him with medically necessary

5

boots/tennis shoes. He specifically notes that Robert Zilles, the Health Care Administrator at Toledo Correctional Institution (TOCI0, Ms. Barker, the Assistant Health Care Administrator at TOCI, denied him medically approved boots/tennis shoes following approval to purchase same by medical staff and unit Management Staff. (Doc. 11). He asserts that he was approved for medically necessary/approved footwear in 2018, and that the boots ordered for him were too wide, and then the replacement boots were too narrow but was forced to keep them after being told by Ms. Barker that "the boots have been ordered and it's not a common size, I'm told they have to be made to order Triple E [Exhibit B 01-08-2018 attached]. Plaintiff was told by MS. Barker that the boots ran large, and that they were the size he required [triple E] [see Exhibit D-7affidavit of Plaintiff, see also Exhibits B-1 through B-14 kites, grievances]. Plaintiff was later told that medical had done their part, and if Plaintiff needed boots/tennis shoes at his expense to contact Unit Staff fi I needed a special order for sizing [see Exhibit B-5, B-6, B-8, B-9, kites Anitra Barker, attached]. Following approval by Unit Manager Penny Abbott, Plaintiff purchased an initial order, but the waterproof trial boot was not in stock [see Exhibit B-1, B-2, B-3, B-4, purchase order 202060 B-3 attached].

6

Plaintiff was subsequently given approval for a second purchase via Unit Manager Penny Abbott directing Plaintiff to medical staff for approval [see Exhibit C-1 through C-16 purchase order 03-29-21, mailroom approval by medical staff order #231776; receipt. passes, kites, ICR's attached]. Plaintiff followed every step advised for approval yet was later denied acceptance of the boots after providing medical staff and unit staff with photographs of the boots, tennis shoes, shower shows [see Exhibit C attached]. Since his arrival to Ross Correctional Institution, Plaintiff has been approved for purchase of boots/ tennis shoes and insoles by ADA Administrator Scotty Cyrus in conjunction with Mr. Mike Scott, Health Care Administrator [See Exhibit D-1 attached]. At no time was Plaintiff ever advised that the type of boot he required was contraband until after they arrived. In fact, it was medical in conjunction with Unit Staff, that Plaintiff was authorized to purchase the medically necessary boots, tennis shoes after supplying both with a photo of the intended order [Exhibit C-9 attached]. Although these instances took place back in 2018 to 2021, ODRC was well aware of Plaintiff's need for medically necessary footwear as this documentation relates back as far as 1996 to 1999; and 2011 to date [Exhibit A-1 throughA-7 attached].

7

III. Facts as Alleged by Defendants

Plaintiff has been housed at multiple prisons and the only prison that allowed Plaintiff to purchase medically necessary boots/tennis shoes/insoles has been Ross Correctional Institution in 2023. Plaintiff was consistently denied access by Lebanon Correctional Institution from 2011 to 2014; Warren Correctional Institution from 2014 to 2016; London Correctional institution from 2016 to 2017; allowed to purchase at Toledo Correctional Institution twice, the second order confiscated [boots], and Madison Correctional Institution from 2021 to 2022. None of these institution provided Plaintiff treatment for his life-threatening illness [Hep-C] in spite of Plaintiff's repeated request and evidence of his hepato-intestinal disease, to include his age. At no time has Dr. Porter ever informed Plaintiff that his peripheral sensory neuropathy was related to his B-12 deficiency. In fact, Plaintiff's refills for B-12 have been consistently delayed at various intervals while at Ross Correctional institution without justification. In 2018 Plaintiff was provided boots that were too wide, and brought this error to the attention of Defendant Anitra Barker who advised Plaintiff "Mr. Alford, your shoes have been ordered it's not a common size I'm told they have to be made to order

8

Triple E [Exhibit B-8 kite 01-08-2018 attached]. When the boots were re-ordered, they were too small [12-2E] and Defendant Barker advised Plaintiff that "The boots run large, so whatever size they are supposed to be that's what they are. [Exhibit D-7; D-8 affidavit and declaration of Plaintiff attached]. Plaintiff was later advised by Defendant Barker that he could purchase his own, just see Unit Manager or Sgt. [Exhibit B-5, B-6 kite 11-15-18; 03-10-2018 attached]. The Special Duty Captain also advised Plaintiff to get with medical or Unit Manager for approval [Exhibit B-10 kite11-04-17], as well as advised by the Warden to see your unit staff for approval [Exhibit B-12 kite 02-22-18 attached]. It should be specifically noted that Plaintiff never had a second pair of footwear to utilize following issuance of the size 12-2E boots. Plaintiff's B-12 levels has never returned to normal, and he continued to be treated for the deficiency to date.

Plaintiff ordered boots with authorization in June 2021 [See Exhibit B-1, B-2, C-2, C-3, C-4, C-5, C-6, C-7, C-8, C-9, C-10, C-11, C-12 attached]. Defendant Porter then attempted to recant the order via Defendant Babb by entering erroneous documentation on July 16th, 2021 regarding ankle tennis shoes and again on July 19th, 2021 with collegial review, in spite of

9

medical evidence within Plaintiff's medical file from 1996 to 1999 while in ODRC custody, 2000 to 2011 while in the Custody of Federal Bureau of Prisons, and from 2011 to date while in custody of ODRC [see Exhibit A-1, A-2, A-3, A-4, A-5, A-6, A-7 ; see also affidavit and declaration of Plaintiff Exhibit D-7, D-8 attached].  Therefore, medical evidence exists proving that Plaintiff required boots, which far super ceded the allegation of a B-12 deficiency being linked to Plaintiff nerve damage in his feet.

IV. **Arguments of Law**

A. Standard of Review: Fed. R. Civ. P. 56(a).

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper, "if the movant show that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson V. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (19860. It is the moving party that has the burden of showing an absence of evidence to support the nonmoving party's case see *Celotex Corp. V. Catrett*, 477 U.S.317, 326 (1986), and the court must view the evidence and draw all reasonable

inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. V. Zenneth Radio Corp.,* 475 U.S. 574, 587 (1986). After the moving party has carried its burden of production, the burden then shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co.,* 475 U.S. at 586-87. He must "designate specifics facts in affidavits, declarations, depositions, interrogatories, or other factual material" from which a reasonable jury could find in his favor. *Maston V. Motgomery Cty. Jail Med,. Staff Pers.,* 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011).

In reviewing a motion for summary judgment the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material facts exists *Matsushita Elec. Co.,* 475 U.S. at 587-588.

B. Section 1983 Claim.

To maintain a claim under 1983, a Plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by a person acting under color of state law. *West V. Atkins,* 487 U.S. 42, 48 (1988); *Simescu V.*

11

*Emmet County Dept. of Soc. Services,* 942 F. 2d 372, 374 (6th Cir. 1991). This is because 1983 "is not itself a source of substantive rights," but instead merely provides "a method for vindicating federal rights else conferred." *Baker V. McCollan*, 443 U.S. 137, 144 n. 3 (1979). Thus, the first step in evaluating a 1983 claim is to identify the specific constitutional right allegedly infringed. *Graham V. Mc Collan*, 490 U.S. 386, 394 (1989); *Baker,* 443 U.S. at 140.

C. Statute of Limitations

Because Plaintiff has been housed continually from 2000 to date, and the incidences giving rise to his 1983 claim have been consistently denied by ODRC staff since his arrival back into custody on January 7th, 2011 the two-year statute must be tolled, since actual damages did not occur until his diagnosis in 2020. For the continuing violation doctrine: "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991).

12

C. Documentary Evidence exist proving deliberate indifference to Plaintiff's serious medical needs.

The government has an "allegation to provide medical care for those whom it is punishing. *"Estelle V. Gamble*, 429 U.S. 97, 103 (1976).The doctor in the instant case clearly exhibited 'deliberate indifference to Plaintiff's serious medical illness or injury." *Rhinehart V. Scutt*, 894 F. 3d 72, 737 (6th Cir. 2018), quoting *Estelle*, 429 U.S. at 105. Plaintiff has proven by documentary evidence "facts alleging acts or omissions sufficiently harmful to evidence deliberate indifference to his serious medical needs" *Estelle,* 429 U.S. 106. Although Plaintiff received medical attention finally in 2020, the medical determination was later reversed erroneously to deny Plaintiff's treatment. The failure was not inadvertent, and constituted 'an unnecessary and wanton infliction of pain. *Estelle,* 429 U.S. at 105-106, because his medical condition posed "substantial risk of serious harm" to him, and the official was therefore deliberately indifferent to that risk. *See Farmer V. Brennan,* 511 U.S. 825, 825 (1984). Plaintiff has proven both the "objective and substantive components . In addition, despite Defendants allegations, Plaintiff has never been

13

provided with properly fitted tennis shoes consistent with his medical needs.

### D. Defendants are not Entitled to Qualified Immunity

Under 1983, prison officials who deny constitutional rights guaranteed by the United States and Ohio Constitutions may be held liable for violating those rights in their individual capacity. Two elements are required to state a claim under § 1983. Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). "Absent either element, a section 1983 claim will not lie." Christy v. Randlett, 932 F.2d 502, 504 (6th Cir. 1991). As set forth above, Plaintiff states he is bringing claims against Defendants for violations of various constitutional rights. Because these allegations present a valid cause of action, qualified immunity is inapplicable.

### E. Defendants are not entitled to Eleventh Amendment Immunity in their individual capacity.

14

Because Plaintiff seeks damages against each defendant in their individual capacity, the Eleventh Amendment does not apply.

## V. CONCLUSION

Because Plaintiff has proven that issues of material fact are in dispute, Summary Judgment is precluded and a trial on the merits in order to determine damages for the constitutional violations committed herein. [SEE Exhibits A, B, C, D attached hereto].

Respectfully Submitted,

Brian Alford A196-744

BRIAN KEITH ALFORD A196-744

ROSS CORRECTIONAL INSTITUTION

P.O. BOX 7010

CHILLICOTHE, OHIO 45601

PLAINTIFF, *PRO SE*

VERIFICATION: I hereby swear under penalty of perjury that the information contained herein is true and accurate to the best of my knowledge pursuant to 28 U.S.C. 1746.

### CERTIFICATE OF SERVICE

I certify that a true copy of Plaintiff's motion in opposition to Defendants motion for Summary Judgment was sent via regular U.S. mail postage pre-paid this __17th__ day of April, 2025 to:

15

MARCY A. VONDERALL (0078311)

ANDREW GOTTI (0086854)

Senior Assistant Attorney's General

Criminal Justice Section

Corrections Litigation Unit

30 East Broad Street, 23rd floor

Columbus, Ohio 43215-3428

*[signature]* A196744
BRIAN KEITH ALFORD A196-744

PLAINTIFF, *PRO SE*