# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **Brian Keith Alford,** | : | |
| | : | **Case No. 3:21-cv-01123** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Judge James G. Carr** |
| | : | |
| **Robert Zilles, *et al.*,** | : | **Magistrate Judge Darrell A. Clay** |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S "OBJECTIONS TO THE COURT'S ORDER OF MARCH 28TH, 2025" [DOC. 66]

Now comes the Defendants, Candy Babb, Anitra Barker, Derek Burkhart, Dennis Seger, Robert Zilles, and Dr. Dela Cruz, by and through counsel, submit the following Response in Opposition to Plaintiff's Objections to Judge's Order [Doc. 66].

    Respectfully submitted,

    DAVE YOST
    Ohio Attorney General


    *s/Marcy A. Vonderwell*
    MARCY A. VONDERWELL (0078311)
    Senior Assistant Attorney General
    Criminal Justice Section
    Corrections Litigation Unit
    30 E. Broad Street, 23rd Floor
    Columbus, Ohio 43215-3428
    P: (6l4) 644-7233/F: (866) 521-9902
    Marcy.Vonderwell@OhioAGO.gov

    *Counsel for Defendants*

**MEMORANDUM**

On March 28, 2025, Judge James G. Carr issued an order addressing Plaintiff's outstanding motion to extend the discovery deadlines, extension of time to serve Dr. Porter, and for additional time to respond to the motion for summary judgment. [See Doc. 65; Doc. 59; Doc. 58]. On April 14, 2025, Plaintiff filed objections to the Court's March 28, 2025 Order. [See Doc. 66]. On April 18, 2025, Plaintiff filed his Opposition to Defendants' Motion for Summary Judgment [Doc. 67].

In Plaintiff's Objections [Doc. 66], Plaintiff contends, without authority or evidence, that the delay in providing medically necessary footwear caused damage to his feet. Plaintiff then relists several complaints about each of his pro bono counsel and AAG Vonderwell and renews his request that AAG Vonderwell be recused. (*Id.*) He notes that he was unable to utilize the law library until March 12, 2025. (*Id.* at PageID 1361).

Plaintiff appears to have filed a motion for reconsideration of the Court's March 28, 2025 . [See Doc. 66]. Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion pursuant to Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991). The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174, 109 S. Ct. 987, 103 L. Ed. 2d 146 (1988). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D.

Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)). "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992).

Generally, there are four situations where a court may grant a Rule 59(e) motion. If there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). "As with Rule 15 motions, district courts have considerable discretion in deciding whether to grant Rule 59 motions," and Circuit courts review such decisions for abuse of discretion. *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014). Plaintiff has failed to demonstrate or offer anything to suggest that the court made a clear error of law, that there is newly discovered evidence, that there has been an intervening change in the controlling law, or that there is a need to prevent a manifest injustice. [Doc. 66]. Defendants respectfully request that Plaintiff's Objections be denied.

    Respectfully submitted,

    DAVE YOST
    Ohio Attorney General

    *s/Marcy A. Vonderwell*
    MARCY A. VONDERWELL (0078311)
    Senior Assistant Attorney General
    Criminal Justice Section
    Corrections Litigation Unit
    30 E. Broad Street, 23rd Floor
    Columbus, Ohio 43215-3428
    P: (6l4) 644-7233/F: (866) 521-9902
    Marcy.Vonderwell@OhioAGO.gov

    *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Defendants' Response to Plaintiff's "Objections to the Court's Order of March 28th, 2025" [Doc. 66]* has been electronically filed and has been served on this 25th day of April, 2025, via US Mail, postage prepaid upon Plaintiff, pro se at

    Brian Keith Alford, #A196-744
    Ross Correctional Institution
    16149 State Rt. 104
    Chillicothe, OH 45601

                                             */s/ Marcy A. Vonderwell*
                                             MARCY A. VONDERWELL (078311)
                                             Senior Assistant Attorney General