# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **Brian Keith Alford,** | : | |
| | : | Case No. 3:21-cv-01123 |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Judge James G. Carr |
| | : | |
| **Robert Zilles,** *et al.,* | : | Magistrate Judge Darrell A. Clay |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Now come Defendants, Robert Zilles, Ms. Barker, Candy Babb, CNP, Berek Burkhart, Dr. DeLa Cruz, and Dennis Seger, by and through counsel, and hereby submit their Reply In Support of their Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a). Defendants' reasonings are contained in the Memorandum, below.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*s/Marcy A. Vonderwell*
**MARCY A. VONDERWELL (0078311)\***
  **\****Lead Counsel*
**ANDREW T. GATTI (0086854)**
Senior Assistant Attorneys General
Criminal Justice Section
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 644-7233/(fax) (866) 521-9902
Marcy.Vonderwell@OhioAGO.gov
Andrew.Gatti@OhioAGO.gov

Counsel for Defendants

**MEMORANDUM**

Plaintiff alleges deliberate indifference to his medical needs in violation of the Eighth Amendment on the basis of the alleged refusal of prison medical staff and officials to provide him the treatment he desires for hepatitis-C and to allow him to purchase boots for circulation and other problems with his feet. The Sixth Circuit concluded that Alford has stated a claim regarding the denial of properly fitted footwear needed due to circulation, neuropathy, balance, scoliosis, and degenerative spine disorder. *Alford v. Zilles*, 6th Cir. No. 22-3416, 2023 U.S. App. LEXIS 12637, at *6 (May 22, 2023).

"In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain treatment decisions made by the medical staff, the defendant is entitled to summary judgment." *Allison v. Martin*, 2009 U.S. Dist. LEXIS 79135 at *6 (E.D. Mich. Sept. 2, 2009) (citing Sixth Circuit cases); *see also Alspaugh v. McConnell*, 643 F.3d 162, 168-69 (6th Cir. 2011) (granting pre-discovery summary judgment on a medical deliberate indifference claim based upon medical records produced by the state which "demonstrate[d] as a matter of law that medical personnel were not deliberately indifferent to [the prisoner's] medical needs.").

Where "doctors provide some care and prisoners challenge their treatment choices as inadequate. . . . [P]risoners must show more." *Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021) (citing *Anthony v. Swanson*, 701 F. App'x 460, 463–64 (6th Cir. 2017). The Eighth Amendment's objective component is satisfied only where the treatment provided "is 'so grossly incompetent' or so grossly 'inadequate' as to 'shock the conscience' or 'be intolerable to fundamental fairness.'" *Phillips*, 14 F.4th at 535 (quoting *Rinehart*, 894 F.3d at 737). If the plaintiff has received medical care, he must "present expert medical evidence describing what a competent

doctor would have done and why the chosen course was not just incompetent but grossly so." *Id.* at 536 (citations omitted).

Defendants demonstrated that Plaintiff received consistent medical care and was offered properly fitting shoes which would meet his medical needs. (Doc. 61-1, Hayes, Decl. PageID 275-277). Plaintiff sought and received authorization to undergo an independent medical review with the results to be submitted to the Court and Defendants. (See Minute Order, 09/25/2024; Minute Order 11/12/2024). Plaintiff's Expert, Dr. Donato Borriollo, authored an expert medical evaluation finding "it is my professional opinion that his peripheral neuropathy is attributable to a vitamin B12 deficiency, most likely stemming from his longstanding hepato-intestinal disease, rather than any issues related to footwear." (Doc. 62-1, Borrillo Independent Medical Review, PageID #1340).

In his Opposition, Plaintiff offers no medical evidence that he received inadequate medical treatment or that poor fitting shoes/boots caused Plaintiff's peripheral neuropathy or any other of the issues he alleges in his Complaint. (See Doc. 67). Therefore, there is no medical evidence that ill-fitting shoes/boots caused Plaintiff's peripheral neuropathy or any other of the issues he alleges in his Complaint. (Hayes Decl., Doc. 62-1, PageID # 275-277). Rather, available medical evidence is that the peripheral neuropathy was caused by a vitamin B deficiency, which is being treated. (*Id.* at PageID # 275-277; PageID #1340-1341). Therefore, regardless of whether Defendants prevented Plaintiff from having properly fitted footwear (which they deny occurred)[1], there is no medical evidence that the same caused Plaintiff's peripheral neuropathy. Absent that, Defendants are entitled to summary judgment in their favor. *Phillips*, 14 F.4th at 536.

---

[1] See Hayes Decl., Doc 60-1, PageID 276 ("As of August 6, 2020, Plaintiff had access to tennis shoes as a replacement for the boots issued in 2018. (BS DRC 000494)).

3

Defendants move this Honorable Court to grant summary judgment in their favor as to all of Plaintiff's claims against them. There are no genuine disputes as to any material facts. Even when construing all evidence in Plaintiff's favor, reasonable minds can only conclude that Plaintiff cannot satisfy the elements of his medical indifference claims. As such, the Court should issue an order granting summary judgment in favor of the Defendants against the Plaintiff and dismiss all claims with prejudice.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/Marcy A. Vonderwell
**MARCY A. VONDERWELL (0078311)***
  ***Lead Counsel*
**ANDREW GATTI (0086854)**
Senior Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
P: (6l4) 644-7233/F: (866) 521-9902
Marcy.Vonderwell@OhioAGO.gov
Andrew.Gatti@OhioAGO.gov

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendants' Reply in Support of Motion for Summary Judgment*, has been electronically filed and has been served upon Plaintiff, Brian Keith Alford, #A196-744, Ross Correctional Institution, 16149 OH-104, Chillicothe, OH 45601 via U.S. mail, postage prepaid, this 25th day of April, 2025.

/s/ Marcy A. Vonderwell
**MARCY A. VONDERWELL (078311)**
Senior Assistant Attorney General